## BOARD OF SUPERVISORS *v.* BETTS.

*(Supreme Court, General Term, Fourth Department. July 20, 1889.)*

1. TAXATION—NOTICE OF ASSESSMENT.
   Where one who had been an assessor for several years testifies that notices of the assessment during those years were duly posted, and one S., who was employed in the assessor's office, testifies that during that time he posted such notices, this evidence, coupled with the presumption that the officials did their duty, is sufficient to sustain a finding that such notices were posted.

2. SAME.
   Inasmuch as Rev. St. N. Y. (7th Ed.) 992, provides that the assessors "shall cause notices" of the assessment to be put up, etc., a posting by a person other than the assessor is sufficient.

3. SAME—DELIVERY OF WARRANT.
   The provision (Rev. St. p. 996, § 36) that the warrants and tax-levy are to be delivered to the collector before December 15th is directory only, and a delay does not render them void.

4. SAME—TAX-DEED—CONSTITUTIONAL LAW.
   Laws 1878, c. 65, § 10, providing for the execution of a conveyance by the county treasurer of Oswego county of lands sold at tax-sale and not redeemed, and making such deed "conclusive evidence that the sale was regular, and also presumptive evidence" that the other provisions of the act in reference to the collection of taxes in said county were complied with, is constitutional.

5. SAME—RATIFICATION.
   Laws 1882, c. 322, § 15, providing that the assessment and collection of taxes and sales for non-payment in Oswego county, under chapter 65, Laws 1878, shall be "legalized, ratified, and confirmed," is constitutional.

6. SAME— TAX-DEED—RIGHT TO POSSESSION.
   When land is duly advertised by the county treasurer and bid in by him for the county, and is not redeemed within two years, and the treasurer delivers a deed

therefor to plaintiff, who causes notices to be given of such deed, and the amount of taxes due, and the place where the same can be paid, and they are not paid within six months, nor is the land redeemed, plaintiff can recover possession thereof.

Appeal from special term, Oswego county.

Action by board of supervisors of Oswego county against Charles E. Betts to recover the possession of real property situated in the city of Oswego, described in the complaint. The referee found that the plaintiff is "the owner in fee of the lands described in the complaint herein;" also "that the plaintiff herein is entitled to recover of the defendant herein the possession of said land." He also found "that under and by virtue of the several sales made by the county treasurer of Oswego county of the lands described in the plaintiff's complaint, and the deeds mentioned and referred to in the ninth, fourteenth, nineteenth, and twenty-fourth findings of fact, and section 15, c. 322, Laws 1882, the plaintiff acquired title to the said lands." Judgment was entered in Oswego county clerk's office in accordance with the report of the referee awarding to plaintiff the lands described in the complaint and the costs of the action, from which judgment the appeal before us is taken.

Argued before HARDIN, P J., and MARTIN and MERWIN, JJ.

W. A. Poucher, and William Tiffany, for appellant.    Howe & Rice and H. E. Nichols, for respondent.

HARDIN, P. J. 1. Appellant questions the sufficiency of the evidence to support the finding of fact made by the referee that notices were given by the assessors in the years 1871 to 1881, inclusive; that their assessment roll had been completed, and specifying a time and place where the assessors would meet to hear grievances. Upon that subject Smith was called, who testified that he was an assessor from 1878 to 1884, (six years,) and that in 1880 notices were posted and published, and he adds: "I used to post one myself,—a printed notice. We employed Shepard to post notices, and directed him to do it." Andrew Baltes was sworn as a witness, and testified that he was assessor in 1873, and that he was one of the board of assessors for four years; and he negatives any knowledge of the posting of notices. Shepard was called as a witness for plaintiff, and testified that he was clerk for the board of assessors of the city of Oswego, and that he had been for 16 or 17 years, and that he received directions from the assessors to post notices of the completion of the assessment rolls in each year since 1870; and he testifies that he posted three on the west side of Oswego river and two on the east side of Oswego river; and he testifies, also, that he handed on some occasions a notice to Smith to post. "I generally got my directions to post from some one of the board of assessors, generally from the chairman of the board. I got directions first from my father, when he was chairman of the board of assessors. * * * Three were posted on the west side and two on the east side each year." Upon this evidence before the referee, coupled with the presumption that obtains in respect to the action of officials in the line of their duty, we are of the opinion that the referee's findings should be upheld as being in accordance with the evidence given at the hearing. Inasmuch as the statute provides that the assessors "shall cause notices thereof to be put up in three or more public places," etc., we think the posting of the notices by the person other than an assessor answers the requirements of the statutes. See 1 Rev. St. (7th Ed.) 992.

2. We are of the opinion that the warrants and tax-levy cannot be avoided, because they were not delivered to the collector until after the 15th day of December. We think a delivery of the warrants after that date was valid. In Bradley v. Ward, 58 N. Y. 408, CHURCH, C. J., says: "The delay does not invalidate the warrant. The statute is directory. People v. Allen, 6 Wend. 486." Rev. St. (7th Ed.) p. 996, § 36.

3. Chapter 65 of the Laws of 1878 amended the statute in reference to the

collection of taxes in the county of Oswego as well as in other counties named in the act, and in the fifth section it was provided that, whenever a tax charged on real estate returned to the county treasurer should "remain unpaid for six months from the said 1st day of February, the said county treasurer shall proceed to advertise and sell such real estate in the manner herein provided for the payment of such tax and interest and the expenses of such sale." The seventh section of the act provided for the issuing of a certificate by the county treasurer to the purchasers at the sale, and the eighth section provided that a redemption might be made by the owner "at any time within two years after the last day of such sale, by paying to the said county treasurer of the county in which the real estate so sold is situated, for the use of the purchaser, his heirs and assigns, the sum mentioned in his certificate, and the interest thereon at the rate of ten per cent. per annum, to be calculated from the date of such certificate." The ninth section provided that in case no redemption was made "the county treasurer of the county in which the real estate so sold is situated shall execute to the purchaser, his heirs and assigns, a conveyance of the real estate so sold, which shall vest in the grantee an estate in fee;" and in the tenth section it was provided for the execution of a proper conveyance by the treasurer under his hand and seal duly acknowledged; and the section contains the following provision: "And such conveyance shall be conclusive evidence that the sale was regular, and also presumptive evidence that all the previous proceedings were regular, according to the provisions of this act." In chapter 287 of the Laws of 1882 provisions are inserted as to certain deeds being presumptive evidence. Those provisions have been considered by cases arising under them, and held valid. *Chamberlain* v. *Taylor*, 36 Hun, 24. *Ensign* v. *Barse*, 107 N. Y. 329, 14 N. E. Rep. 400, and 15 N. E. Rep. 401. The cases to which we have just alluded in principle sustain the controverted provisions of chapter 65 of the Laws of 1878, especially the provisions in respect to the effect to be given to a conveyance mentioned in section 10 of the act. In chapter 322 of the Laws of 1882 the legislature adopted further provisions in respect to the sale of lands for unpaid taxes in the county of Oswego. Among the provisions found in that act is one which enables the county to become a purchaser, and it is found in section 7 of the act in the following language: "But should there be no purchaser willing to bid the amount due on the lot or parcel of land to be sold, then the county treasurer is hereby authorized to bid in said lot or parcel of land for the county, and the said county of Oswego is hereby empowered to acquire and hold said lands as herein provided, and at any time before the giving of a deed as hereinafter provided the said county treasurer is hereby authorized to sell, assign, and transfer the certificate of sale of any parcel of land bid off at such sale for said county to any person who shall forthwith pay into the county treasurer the amount which would be required to redeem the same under section eight of this act." In the eighth section of the act provision is made for redemption in the following language: "Sec. 8. The owner or occupant of any land or real estate sold for taxes as aforesaid, or any other person, may redeem the same at any time within two years after the last day of such sale by paying to the said county treasurer of said county, for the use of the purchaser, his heirs and assigns, the sum mentioned in his certificate and the interest, etc. * * *" The ninth section provides that the county treasurer shall execute to the purchaser, in case no redemption is made, "or to the board of supervisors of the said county of Oswego, or its assigns, as the case may be, a conveyance of the real estate so sold, which shall vest in the grantee an absolute estate in fee, subject, however, to all claims the county may have thereon for taxes or other liens or incumbrances." In section 10 is a provision that the conveyance shall be executed by the treasurer of Oswego county under his hand and seal, "and such conveyance shall be conclusive evidence that the same was regular, and also

presumptive evidence that all the previous proceedings were regular, according to the provisions of this act." A further provision is found that is important. In section 15 we find the following language: "The assessment and collection of taxes, the sale of lands for non-payment of taxes, made in the county of Oswego under and by virtue of chapter 65 of the Laws of eighteen hundred and seventy-eight, and the acts amendatory thereof, and all acts done thereunder, are hereby in all respects legalized, ratified, and confirmed." We think the act must be held valid so far as it declares that the deeds shall be evidence conclusive or presumptive. *Chamberlain* v. *Taylor, supra; Ensign* v. *Barse, supra.* We are also of the opinion that the curative language found in section 15 of the act, which we have just quoted, is valid. *People* v. *Mitchell*, 35 N. Y. 557; *Mann* v. *City of Utica*, 44 How. Pr. 334; *Tifft* v. *City of Buffalo*, 82 N. Y. 204; *Lennon* v. *Mayor*, etc., 55 N. Y. 361.

4. The defendant's lands were duly advertised by the county treasurer for sale, and they were bid in by the county treasurer for the county of Oswego, and they were not within two years thereafter redeemed, and the treasurer duly made and delivered to the plaintiff deeds thereof, and the plaintiff caused notices to be given of such deeds, and the amount of tax due, and the place where the same could be paid, and it was not paid within six months from the service of the notices, nor were the lands redeemed, and hence the plaintiff acquired the right to recover the possession thereof. At the time of the commencement of this action the defendant was in possession, and upon demand duly made he refused to deliver up possession. We are of the opinion that the referee properly found as a conclusion of law that the plaintiff was entitled to recover. Judgment affirmed, with costs.

MARTIN and MERWIN, JJ., concur.