LOUISA P. CHARD et al., as Administrators, etc., Respondents, *v.* HORATIO N. HOLT et al., Appellants.

The repeal of a repealing act restores the original act.

Where the holder of a title under a prior tax sale becomes the purchaser of the premises at a subsequent sale, and the former owner redeems from that sale, the acceptance by the purchaser of the redemption money does not estop him from claiming title under the former sale.

The object and effect of the act of 1879 (Chap. 229, Laws of 1879), "in reference to the collection of taxes in the counties of Chautauqua and Cattaraugus" was to eliminate the agency of the state comptroller in respect to the sale of lands for unpaid taxes and to substitute county agencies, and where any notice or other papers or proof of service thereof is by the general laws relating to that subject required or allowed to be filed in the comptroller's office it may be filed with like effect in the office of the county treasurer. (§ 32.)

Certain lands in the county of Chautauqua were duly sold by the treasurer of said county October 27, 1885, for unpaid taxes of 1884, the provision of such act of 1879, being in all respects complied with. A deed was executed to W., the purchaser October 28, 1887, which after all things required to be done by him or the treasurer in order to entitle it to be recorded had been done, was recorded May 14, 1888. At the time of the sale there was a mortgage on the premises, an action to foreclose which was commenced December 5, 1885; W. was not made a party. Judgment of foreclosure was entered in 1889, and under it, on February 21, 1890, the premises were sold and conveyed to plaintiffs. In an action of ejectment, *held*, that upon the recording of his deed, W. became vested as against the former owner with an absolute title to the premises; that the foreclosure judgment, the sale and conveyance thereunder did not operate to divest or impair that title; and that conceding the mortgagee still had a right to redeem, they stood simply as mortgagees without a title and so could not maintain ejectment.

Also *held,* that the lien of the mortgage was extinguished by the omis-sion of the mortgagees to redeem from the tax sale and to file with the county treasurer the notice required by the act of 1855 (§ 82, chap. 427, Laws of 1855), in order to preserve to a mortgagee his right of redemption.

The provision of the act of 1862 (§ 1, chap. 285, Laws of 1862), repealing the provision of the act of 1855, requiring such notice having been repealed by the act of 1870 (§ 1, chap. 280, Laws of 1870), the original provision was restored and remained as part of the general law until 1889 when the repealing provision of the act of 1870, was itself repealed (Chap. 563, Laws of 1889), and so, the original provision was in force when the title of the purchaser on the tax sale became absolute.

In 1887 the county treasurer again sold the land to W. for an unpaid tax assessed in 1886, W. assigned the certificate of sale to defendant H. and in 1888 deeded said land to him under his title derived under the sale of 1885. Plaintiffs in November, 1889, filed the notice required by said act of 1855, of their claim of a right to redeem from the sale of 1887; at that time they had notice of the sale of 1885. H. served upon them and filed with the treasurer a notice of the sale of 1887 stating the considera-tion, the assignment of the certificate and the execution to him of a deed by the county treasurer, and that, unless redemption was made within six months, the conveyance would become absolute. The notice also stated that such redemption related only to the sale specified "and can have no effect upon any previous sale heretofore completed and perfected under the law." Plaintiff paid to the treasurer the amount required to redeem from the sale of 1887; this was paid over to and received by H. *Held,* that H. was not estopped thereby from setting up his title under the sale of 1885.

*Chard* v. *Holt* (63 Hun, 595), reversed.

(Argued October 14, 1892; decided November 29, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 29, 1892, which reversed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This was an action of ejectment to recover possession of certain premises in the village of Westfield, county of Chautauqua.

In 1872, Amelia Holt, then the owner in fee of the premises, executed a mortgage thereon to Rufus C. Palmer, who subse-quently died, leaving a will, and the plaintiffs were appointed his administrators, with the will annexed. The debt secured

by the mortgage having become due and payable, proceedings to foreclose said mortgage were commenced in 1885, and a notice of the pendency of said action was duly filed on December 4, 1885, judgment was duly rendered in said foreclosure action on August 29, 1889, directing a sale of the premises, and they were duly sold by the sheriff on February 21, 1890, to the plaintiffs herein. The sheriff executed his deed upon such sale on the 6th of March, 1890, which deed has been duly recorded. Plaintiffs have duly demanded possession of said premises, but the same has been refused.

The defendant, Horatio N. Holt, claims that said premises were sold on October 27, 1885, for the taxes for the year 1884, assessed against said Amelia Holt as owner. At the sale for taxes one T. Charles Wilson was the purchaser, and he received the certificate of sale, and on October 28, 1887, the county treasurer of Chautauqua county executed and delivered to said Wilson a deed of said premises under such sale, which deed was recorded on May 14, 1888.

The taxes upon said premises assessed against Amelia Holt as owner for the year 1886 not having been paid, the same were again sold on November 23, 1887, by the county treasurer of Chautauqua, unto the same T. Charles Wilson, to whom a certificate of such sale was executed and delivered by the said county treasurer.

Afterwards, and on January 17, 1888, said Wilson by an instrument in writing duly sold and assigned the said certificate of sale and all his rights thereunder unto said Horatio N. Holt. After such transfer, and on May 14, 1888, said T. Charles Wilson released and quitclaimed the said premises unto said Horatio N. Holt by a deed of quitclaim dated and recorded on that day. This certificate and quitclaim deed is the title of the defendant Holt as claimed in this action.

On November 11, 1889, and within two years after the sale for the taxes of 1886, the plaintiffs, as such administrators of Rufus C. Palmer, deceased, filed a notice as mortgagees of the said premises.

On December 17, 1889, the defendant Holt served on the

plaintiffs and on the same day filed a notice requiring the plaintiff to redeem the said premises from the tax sale of 1886. On January 25, 1890, the plaintiff paid to the treasurer of Chautauqua county $358.59 for the redemption of said premises under the last-mentioned notice, which sum of money was paid unto said Holt by the county treasurer, and Holt received said money and has kept the same.

At the time of the service of the notice he had notice and knew of the existence of the above-mentioned mortgage and of its foreclosure. Upon the payment by the plaintiffs of the above-mentioned sum of money to him, the said county treasurer executed and delivered to them a certificate of redemption.

The court found as conclusions of law : " That the plaintiffs failed to make a case entitling them to the possession of the premises described in the complaint, and defendants were entitled to a judgment dismissing the complaint."

Further facts are stated in the opinion.

*Seward A. Simons* for appellants. The perfected tax sale of October 27, 1885, vested in T. Charles Wilson, defendant Holt's grantor, an indefeasible title to the premises in suit, in fee simple absolute. The plaintiff's mortgage ceased to be a lien upon the premises, and became a nullity, two years after the date of said sale. Their claim as mortgagee has no basis. On May 14, 1888, such title, free from the mortgage lien, passed to defendant Holt, who holds thereby the only estate which can be legally recognized. (Black. on Tax Titles, 79, 547, 548 ; *Hand* v. *Ballou*, 12 N. Y. 543 ; *Forbes* v. *Halsey*, 26 id. 63 ; *Johnson* v. *Ellwood*, 53 id. 435 ; *Wood* v. *Knapp*, 100 id. 109 ; *Jackson* v. *Estey*, 7 Wend. 148 ; *Bush* v. *Davidson*, 16 id. 550 ; *Lucas* v. *McEnerna*, 19 Hun, 14 ; *Caulkings* v. *Chamberlain*, 37 id. 163 ; Code Civ. Pro. § 922 ; *O'Donnell* v. *McIntyre*, 118 N. Y. 156 ; *Becker* v. *Howard*, 66 id. 5 ; *Cromwell* v. *McLean*, 34 N. Y. S. R. 88 ; *Heffner* v. *N. Y. L. C.*, 123 Fed. Rep. 747 ; *Rathbun* v. *Hooney*, 58 N. Y. 463 ; *Knauth* v. *Bassett*, 34 Barb. 31 ; *Goddard* v. *Benson*,

15 Abb. Pr. 191; *Campbell* v. *Hall*, 16 N. Y. 575; *Vail* v. *Vail*, 7 Barb. 226; *Mason* v. *Alston*, 9 N. Y. 28.) The title acquired under the tax sale of October 27, 1885, was not affected by the later sale of November 23, 1887, nor did the proceedings taken under the latter sale divest defendant Holt of his title based upon the former. The tax sale of 1887 did not alter the legal relations of the parties in this action. The plaintiffs gained nothing by their redemption under it. (*O'Donnell* v. *McIntyre*, 118 N. Y. 164; *Williams* v. *Heath*, 22 Iowa, 519; *Annan* v. *Baker*, 49 N. H. 161; *Brackett* v. *Gilmore*, 15 Minn. 251; *Stephens* v. *Holmes*, 26 Ark. 48; Black. on Tax Titles, 297, 298; *Rice* v. *Whitmore*, 8 Ohio, 216; *Southworth* v. *Scofield*, 51 N. Y. 513; *Pillatreaux* v. *Varick*, 11 Wend. 110; 13 id. 178; *Young* v. *Camp*, 1 Cow. 605; *Gould* v. *Day*, 94 U. S. 405; *Cooper* v. *Bushley*, 72 Penn. St. 252; *Perkins* v. *Hall*, 105 N. Y. 539; *Baldwin* v. *Moffatt*, 94 id. 82; *Dung* v. *Parker*, 52 id. 494; *Acre* v. *Hotchkiss*, 97 id. 395; *Vanderbeck* v. *City of Rochester*, 122 id. 285; *Marvin* v. *Vedder*, 5 Cow. 671; *Banta* v. *Garmo*, 1 Sand. Ch. 383; 3 Pom. Eq. Juris. § 1212; *Maloney* v. *Horan*, 49 N. Y. 111; *Baker* v. *L. Ins. Co.*, 43 id. 283; *R. Co.* v. *Dane*, Id. 289; *Shapley* v. *Abbott*, 42 id. 443; *T. B. Co.* v. *Duncan*, 86 id. 221; *Jewett* v. *Miller*, 10 id. 402; *Thompson* v. *Simpson*, 40 N. Y. S. R. 173; *Hinkley* v. *Crouse*, 125 N. Y. 730; Story's Eq. Juris. § 391; 3 Washb. on Real Prop. 70; *Carroll* v. *M. R. R. Co.*, 111 Mass. 1; *Flynn* v. *Hurd*, 118 N. Y. 19; *Silliman* v. *Wing*, 7 Hill, 159; *N. Bank* v. *Suprs.*, 106 N. Y. 488; *Mowatt* v. *Wright*, 1 Wend. 355; *Doll* v. *Earle*, 65 Barb. 298.) In any aspect of the case the plaintiffs are not entitled to succeed. The title acquired by the tax sale of October 27, 1885, is paramount to every other interest until redeemed from. (Laws of 1879, chap. 229, § 9; *Becker* v. *Howard*, 66 N. Y. 5.) The defendants in the case, other than Holt, were entitled in the Circuit to a separate bill of costs, and the Circuit judgment was correct in awarding a separate bill to them. (*Rogers* v. *Jones*, 23 Hun, 452; *D., L. & W. R. R. Co.* v. *Burkhard*, 2 N. Y.

S. R. 184; Code Civ. Pro. § 3230; *Newell* v. *Wheeler*, 48 N.
Y. 486; *Mathews* v. *Watson*, 3 Civ. Pro. Rep. 357.)

*Thomas J. McKee* for respondents. The tax sale of 1885
was merged in the tax sale of 1887. (Laws of 1879, chap.
229, § 9; 2 R. S. [7th ed.] 1031, § 77.) The defendants hav-
ing affirmatively pleaded title adverse to the plaintiff's title,
which title adverse, as appears from the agreed statement of
facts, has as its only basis, the tax deed of October 28, 1887,
upon the tax certificate of 1885 for the unpaid taxes of 1884,
failed to make out an affirmative case. (*Caulkins* v. *Cham-
berlain*, 37 Hun, 183; *Cruger* v. *Dogherty*, 43 N. Y. 107;
*Sharp* v. *Spier*, 4 Hill, 76; *Jackson* v. *Esty*, 7 Wend. 148;
*Doughty* v. *Hope*, 3 Den. 594; *Merritt* v. *Vil. of Portchester*,
71 N. Y. 309; *Granger* v. *City of Buffalo*, 6 Abb. [N. C.]
243; *Tingue* v. *Vil. of Portchester*, 101 N. Y. 294–299;
*Striker* v. *Kelly*, 7 Hill, 28; *Jackson* v. *Morse*, 18 John.
441; *Striker* v. *Kelly*, 2 Den. 323; *Westbrook* v. *Willey*, 47
N. Y. 457; *Whitney* v. *Thomas*, 23 id. 281–283; *Thompson*
v. *Burhans*, 61 id. 52–86.) The purchaser, T. Charles Wilson,
by his own act, and also the defendant Holt, have elected that
the tax sale of 1887 to be the paramount title to the previous
sale in 1885. (*F. Ins. Co.* v. *Lawrence.* 14 John. 55; *Roder-
mund* v. *Clark*, 46 N. Y. 354; *Mills* v. *Parkhurst*, 126 id.
89–93; *Dinsmore* v. *Duncan*, 57 id. 573–580.) The defend-
ant Holt, by giving the plaintiffs notice to redeem, could not
escape by any act or sophistry on his part from the conse-
quences of his act. (*Oatman* v. *Taylor*, 29 N. Y. 649;
*Havens* v. *Sackett*, 15 id. 365, 369; *Beal* v. *Miller*, 1 Hun,
390–397; *Chipman* v. *Montgomery*, 63 N. Y. 221–234; *Knox*
v. *Jones*, 47 id. 399; *Hawley* v. *James*, 16 Wend. 61–141;
*Bank of Beloit* v. *Beale*, 34 N. Y. 473–475; *Goff* v. *Craven*,
34 Hun, 150.) The defendant Holt, by giving notice to
redeem from the last tax sale, acknowledged not only the
existence of the mortgage, but also that it was a living and
valid lien upon the premises at the time it (the notice) was
given. And having accepted the money paid for redemption

under the sale of 1887, it not only operates as an estoppel against any claim on his part derogatory to our title under the mortgage, but also operates as a subrogation in plaintiffs' favor of any and all rights which said Holt might have in the premises. (*Brainard* v. *Cooper*, 10 N. Y. 536 ; *McLean* v. *Towle*, 3 Sandf. Ch. 119 ; *Ellsworth* v. *Lockwood*, 42 N. Y. 89–96.) The appellants are estopped from any claim adverse to that of the respondents herein. (*Plumb* v. *C. Co. M. Ins. Co.*, 18 N. Y. 392 ; *Brown* v *Bowen*, 30 id. 519 ; *Mattoon* v. *Young*, 2 Hun, 562 ; *Hathaway* v. *Paine*, 34 N. Y. 92–109 ; *Finnegan* v. *Carraher*, 47 id. 493–500 ; *Bd. Suprs.* v. *Otis*, 62 id. 88–96 ; *Muller* v. *Pondir*, 55 id. 325, 335 ; *Dezell* v. *Odell*, 3 Hill, 215 ; Smith's L. C. [9th ed.] 2113 ; *Baker* v. *U. M. L. Ins. Co.*, 43 N. Y. 283–289 ; *M. & T. Bank* v. *Hazard*, 30 id. 226–230 ; *Blair* v. *Wait*, 69 id 113–116 ; *Boardman* v. *L. S., etc., R. R. Co.*, 84 id. 157–182 ; *C. N. Bank* v. *N. Bank of Commonwealth*, 50 id. 575–582.) The notice to redeem to plaintiffs by Holt was an invitation by him to them, given by Holt for the purpose of influencing the plaintiffs' conduct with reference to the premises in question as to the lien of their mortgage. And Holt had reason to believe that such notice would so influence them, and in fact it did so influence them. This act of Holt and the redemption of the premises in consequence thereof constitutes an equitable estoppel. (*N. Y R. Co.* v. *Rothery*, 107 N. Y. 310.)

ANDREWS, J. The validity of the tax title of the defendant Horatio N. Holt, under the tax sale of October 27, 1885, for taxes assessed in 1884, on the premises in question (then owned by Amelia Holt), and under the deed from the county treasurer of Chautauqua county to Wilson, the purchaser (and grantor of Horatio N. Holt), executed pursuant to said sale October 28, 1887, and the nature and quality of the estate vested in Wilson under the deed depends upon and is to be determined by the provisions of the act, chapter 229, of the Laws of 1879, entitled an "Act in reference to the collection of taxes in the counties of Chautauqua and Cattaraugus." That

act establishes a complete system for the collection of taxes on resident and non-resident lands in the counties named.

The act in addition to numerous specific provisions relating to the subject, by the thirty-second section incorporates by reference the provisions of the general law of the state relating to the assessment and collection of taxes, where no provision on the subject is made in the act, and among others, those relating " to the effect of any such sale of land for taxes upon the lien of any mortgage thereon; the right of a mortgagee to redeem, the consequence of neglect to do so after notice, the lien of the mortgagee for the amount paid on such redemption."

The main purpose of the act of 1879 referred to, was to eliminate the agency of the comptroller of the state in respect to the sale and conveyance of lands for unpaid taxes, and to substitute county agencies and make their authority complete and uniform in affecting and enforcing the collection of taxes in the counties mentioned. It therefore provides that any duty enjoined or any authority conferred on the comptroller by the general tax laws in respect to the collection of taxes and the sale of lands therefor, shall be devolved in respect to taxes in the counties of Cattaraugus and Chautauqua, upon the treasurers of these counties respectively, and that when any notice or other papers relating to taxes or tax sales, or proof of the service thereof are by such general laws required or allowed to be filed in the comptroller's office, they may be filed with like effect in the offices of the treasurers of these counties (§ 32).

Upon the evidence, admissions and findings in the case, there seems to be no ground to question the regularity of the assessment of the tax of 1884, or the sale of October 27, 1885, and of the deed to Wilson of October 28, 1887, nor that the deed was duly and properly recorded May 14, 1888. By stipulation made on the trial it was admitted that the lands were duly sold by the treasurer for the taxes of 1884, in compliance in all respects with the law of 1879; that the deed was executed to Wilson in compliance with the law, October

28, 1887, and was recorded May 14, 1888; that after the execution and delivery of the deed all acts and things required to be done or performed by Wilson and the treasurer, and each of them, in order to entitle the deed to be recorded had been done and performed, including the making by the treasurer of the certificate prescribed by section 25 of the act of 1879, (to the effect that the notice required to be served on occupants under section 20, had been served) and that there had been no redemption from the sale.   Upon the facts so stipulated and under the statute it is indisputable that on the 14th of May, 1887, the day on which the deed to Wilson was recorded, he became vested as against Amelia Holt, the former owner of the premises, with an absolute title thereto, and that she was thereby barred from any interest therein. By the thirteenth section of the act of 1879, the owner or occupant of the land sold for taxes, may redeem from the sale at any time within two years from the last day of sale.   By the fourteenth section if no redemption is made within the two years, the treasurer is to execute a deed to the purchaser. The deed was executed after that time, which by the fifteenth section is made presumptive evidence of the regularity of the sale, and of all prior proceedings from and including the assessment, and that all notices required by law to be given previous to the expiration of the two years were regular.   But where the premises sold are occupied at the expiration of the two years, the right of redemption still remains, notwithstanding the execution of the deed and can be only cut off by notice served by the grantee on the occupant, requiring him to redeem, and the occupant has six months to make such redemption after the grantee shall have filed in the office of the treasurer proof of service of the notice (§ 20).   By the same section (20) it is provided that the tax deed shall not be recorded until after the expiration of the six months so allowed for redemption.   Reading these provisions of the statute in connection with the stipulation, the conclusion that Wilson on the recording of his deed, acquired an absolute title as against Amelia Holt, does not admit of question.   Wilson, the grantee,

under the tax deed of October 28, 1887, on the 14th of May, 1888 (the same day on which the deed was recorded), conveyed the premises to the defendant Horatio N. Holt, who from that time has by himself and his tenants been in exclusive possession of the same, "claiming to own and hold the same under and by virtue of said deed from Wilson," and was so in possession when this action was commenced by the plaintiffs to recover the possession of the premises.

The plaintiffs claim title under a mortgage on the premises executed to the testator by Amelia Holt in June, 1872, duly recorded June 10, 1872, to secure a debt owing by her husband, George C. Holt, and others, of $15,000, and under a judgment of foreclosure and sale in an action commenced for the foreclosure of the mortgage December 5, 1885. The mortgagor, Amelia Holt, and the representatives of Charles and Elisha Ensign, who with George W. Holt had joined in the bond accompanying the mortgage, were the only defendants in the action. Judgment of foreclosure was entered August 29, 1889, and the premises were sold therein February 21, 1890, and conveyed to the plaintiffs, the purchasers on the sale. This action was commenced in November, 1890.

It will be convenient to consider in the first place the effect of the judgment of foreclosure and the sale and conveyance thereunder to the plaintiffs upon the title acquired by Wilson under the tax deed of October 28, 1887. It is obvious upon principle that the judgment in the foreclosure action was not an adjudication binding upon Wilson or his grantees, and that a sale thereunder and the conveyance pursuant to the sale did not operate to divest or impair the tax title. They were not made parties to the action. The foreclosure was not instituted until after the tax sale of October 27, 1885. The tax of 1884, although subsequent in time to the execution of the mortgage, was, nevertheless, a paramount lien. The mere sale for the tax did not, however, divest the lien of the mortgage. Whether the lien of the mortgage survived the execution of the tax deed, we shall hereafter consider. But as to Wilson and his grantee Holt, the most favorable view for the plaintiffs of their

rights after judgment of foreclosure and the conveyance thereunder, is that the mortgage still remained a lien on the land and carried with it a right of redemption from the tax sale. But the grantee under the tax deed was in no way affected by the foreclosure proceedings to which he had not been made a party. The case of *Becker* v. *Howard* (66 N. Y. 5) expressly adjudicated this principle, and the decision is plainly right.

It is not claimed that the plaintiffs ever redeemed from the tax sale of 1885, so that, even if the right of redemption still exists, the plaintiffs stand as mortgagees simply, without a title upon which they can maintain ejectment, and especially they cannot maintain it against the defendant Holt.

But we are of the opinion that the lien of the mortgage was extinguished by the omission of the mortgagees to redeem from the tax sale of 1885, within two years thereafter, and to file with the county treasurer, within two years from the time of the tax sale, the notice specified in section 82 of chapter 427 of the Laws of 1855. The act of 1855, sections 76 to 82 inclusive, regulate the rights of mortgagees of land sold for taxes. The system was this: It was provided (§ 76) that no assessment or sale for taxes should affect the lien of any mortgage duly recorded at the time of the sale, except as provided in the act. By section 77, it was made the duty of the purchaser at the tax sale to give the mortgagee notice, in substance requiring him to pay the purchase money and interest within six months. By section 78, upon such payment being made, the sale was to be of no further effect, and the mortgagee acquired a lien on the land for the amount of such payment. By section 79, failure of the mortgagee to make payment pursuant to the notice, deprived him of the benefit of section 76, and the necessary implication is that his lien was from that time extinguished. It is not important to notice sections 80 and 81. By section 82 it was provided that the notice required to be served by the preceding five sections, is required to be served only upon mortgagees who shall have filed, within two years from the time of the tax sale, in the office of the comptroller, a notice containing a description of their mortgage and

the premises it covers, giving their residence and post office address, and the section concludes, " in case such mortgagee or other person shall omit or neglect to file such notice with the comptroller within the said two years, then said mortgagee or other person shall be barred from all claim to redemption by virtue of said mortgage, and the title of the purchaser shall become valid and effectual the same as if said mortgage had not existed."

Not only was there no redemption by any person from the tax sale of 1885, but there is no suggestion in the record that the plaintiffs at any time filed the notice mentioned in the last clause of section 82. The case was tried upon a stipulation which stated that " the facts not admitted by the pleadings are stipulated to be as follows." It must be assumed, therefore, that the plaintiffs filed no notice under section 82. If that section was in force during the period from the assessment of the tax of 1884, until the proceedings were concluded by the execution and recording of the tax deed in 1888, we see no escape from the conclusion that the lien of the mortgage was, by the failure of the plaintiffs to file the notice within the time limited, destroyed, and that the title under the tax deed was free therefrom. (See *Cromwell* v. *MacLean*, 123 N. Y. 474; *Bennett* v. *Peck*, 28 Hun, 447.)

Section 82 was in force during the period referred to. By section 1, chapter 285 of the Laws of 1862, section 82 of the act of 1885 was repealed by direct enactment referring to the section. But section 1 of chapter 280 of the Laws of 1870 in turn repealed " Section one of chapter two hundred and fifty-five of the Laws of eighteen hundred and sixty-two," and this repeal of the Repealing Act of 1862, by the act of 1870, restored the original section 82 of the act of 1855 (*Mayor* v. *Broadway*, 97 N. Y. 275), and it remained a part of the general law from 1870 until 1889, when, by chapter 563 of the laws of that year, section 1 of the act of 1870 was itself repealed. This was subsequent to the time when the title of the purchasers on the tax sale had become absolute and freed from the lien of the mortgage. Having regard, therefore, to

the title claimed by the plaintiffs under the foreclosure sale, and the title of the defendant Holt under the tax sale of 1885, the defendant's title was paramount and the plaintiffs were not entitled to maintain their action.

But hitherto no mention has been made of another claim upon which the plaintiffs insist that the defendant Holt is estopped from setting up his title under the tax deed of October 28, 1887. It appears from the facts stipulated that in 1886 another tax was assessed against the premises, under which, on November 23, 1887, the treasurer sold the land to Wilson, the purchaser on the sale of 1885, for the sum of $216, and executed to him a certificate of such sale as required by the act of 1879. January 17, 1888, Wilson assigned this certificate to the defendant Horatio N. Holt, the same person to whom he afterwards, May 14, 1888, deeded the premises under his title derived under the tax sale of 1885. November 11, 1889, the plaintiffs filed in the office of the county treasurer a notice in writing directed "to whom it may concern," describing their mortgage and containing the particulars specified in section 82 of the act of 1855, and reciting the recovery of the judgment in the foreclosure action on the 29th of August, 1879, and containing, among other things, the following: "And you will further take notice that the undersigned claim that as such personal representatives of Rufus C. Palmer, deceased, the said mortgagee, they are entitled to be served with any notice required by any provision of the statute in such case made and provided by the purchaser or purchasers of said premises at any sale heretofore made by the treasurer of said county for taxes. And particularly with any such notice required to be given by such purchaser or purchasers at the sale of said premises by said treasurer, made on the 23d day of November, 1887, for the taxes of 1886, requiring the undersigned, as the personal representatives of the said mortgagee, to pay the amount of purchase money at said sale."

On or about December 17, 1889, the defendant Horatio N. Holt served on the plaintiffs and filed in the office of the treasurer a notice in writing, entitled "in the matter of the

sale of certain property in the village of Westfield, etc., formerly owned by Mrs. George W. Holt, for the satisfaction of taxes on the 23d day of November, in the year 1887." The writing then gave notice that the property (describing it) had been sold for taxes November 23, 1887, to Wilson for the consideration mentioned in the conveyance (certificate) of $233.25 ; that the conveyance (certificate) had been assigned to Horatio N. Holt, of No. 1 Broadway, N. Y., on or about December 17, 1887 ; that a deed of the premises had been executed by the treasurer to Holt, December 3, 1889 ; that unless the consideration money, with interest, etc., shall be paid into the treasury of the county within six months, etc., the conveyance would become absolute, and " you and all persons interested in said land " will be forever barred, etc. The notice concluded as follows : " And you will further take notice that a redemption as above specified has regard to and relates only to the sale above specified, and can have no effect upon any previous sales heretofore completed and perfected under the law."

January 25, 1890, the plaintiffs paid to the treasurer $358.50, pursuant to the instrument served on them by the defendant Holt, and January 29, 1890, the treasurer paid over the same to Holt, who received it and has since treated the money as his own. At the time the money was paid by the plaintiffs to the treasurer, he executed to them a certificate that the money was paid on a redemption from the sale of November 23, 1887. It is admitted by the stipulation that the plaintiffs did not actually know of the sale of 1885, or of the deed to Wilson thereunder until subsequent to the entry of judgment of foreclosure of the mortgage, August 29, 1889, but that they had such notice prior to their filing in the treasurer's office the notice filed by them November 11, 1889, to which reference has been made.

The General Term reversed the judgment of the trial court dismissing the complaint on the ground that upon the facts above stated the defendant Holt was estopped from setting up his title under the tax sale of 1885, and that his rights under that sale " were entirely surrendered in the recognition by him

of the right which the plaintiffs had to redeem under the tax sale made November 23, 1887, for the unpaid taxes of 1886." We are of opinion that this conclusion cannot be supported and that there was no estoppel created by the circumstances relied upon, which is available to defeat and subvert the unquestionably absolute title invested in Holt, freed from the mortgage at the time he served upon the plaintiffs the notice of December 17, 1889. It is contended that when Holt took the deed from Wilson, May 15, 1888, he then holding by assignment from Wilson the certificate given on the second sale of 1887, the title under his absolute deed merged in the right he held under the tax sale certificate of 1887, and that in some way this certificate given on a sale after the deed on the first sale had been executed, extinguished Holt's title under that deed and changed his interest from that of absolute owner, to that of holder of a tax certificate under the second sale. We do not comprehend how such a result could follow. If the doctrine of merger applied at all the natural result would be that the second sale and the right under the certificate merged in Holt's title under the deed and was thereby extinguished. But it is certainly not unusual for the owner of a tax title to buy in under a subsequent tax sale and to take a deed thereunder to strengthen and confirm his original title. It may be that when the proceedings are perfected by the execution of a deed and the expiration of any right of redemption, the last title, if the tax proceedings were regular, will be the real title. But we see no reason why Holt could not stand upon both his deed and his certificate under the sale of 1887. There may be cases where the court to overreach a fraud may apply the doctrine of merger, where the owner buys on a tax sale. (*Gould* v. *Day,* 94 U. S. 405.)

When the defendant served the notice of December 17, 1889, he was advised by the notice filed by the plaintiffs that they claimed under their mortgage the right to redeem from the sale of 1887, and they undoubtedly had this right. The tax laws entitle the "owner or any other person" to redeem from a tax sale. The plaintiffs had a right to redeem

from the sale of 1887, so as to prevent the sale ripening into an absolute title by a conveyance, and thereby put themselves in a position to question the tax title under the sale of 1885, and to assert and establish, if they could, that their mortgage was not cut off by the proceedings thereunder. They knew of the sale of 1885, and that a deed had been executed to the purchaser before they filed their notice or paid any money on redemption from the sale of 1887. The defendant Holt in his notice expressly notified the plaintiffs that a redemption by them from the sale of 1887, would not affect "any previous sales heretofore perfected and completed under the act." The plaintiffs acted with their eyes open to the situation, and whether they acted unadvisedly or not, they were not induced to act by any concealment or fraud on the part of the defendant. They had already lost their lien and we perceive no ground for invoking and applying the doctrine of equitable estoppel to defeat the legal title to the land invested in Holt, and the attempt to apply it in this case to accomplish what we may suppose to be justice between the parties, would establish a dangerous precedent. (See *Trenton Banking Co.* v. *Duncan,* 86 N. Y. 221; *Thompson* v. *Simpson,* 128 id. 270; and cases cited.) It was held in *Cooper* v. *Bushley* (72 Pa. St. 252) that where the holder of a title under a prior tax sale, becomes the purchaser of the premises at a subsequent sale, and the former owner redeems from the latter and the purchaser accepts the redemption money, that he is not estopped from claiming title under the former sale and that his title under it is not divested by the redemption of the latter.

We are of opinion that the order of the General Term should be reversed and the judgment dismissing the complaint should be affirmed.

We do not consider whether the plaintiffs have a lien for or a remedy to recover back the money paid by them on the redemption from the sale of 1887.

The judgment should be reversed.

All concur.

Judgment reversed.