HARDIN v. DOLGE et al.

(Supreme Court, Appellate Division, Fourth Department. December 29, 1899.)

1. PARTNERSHIP—POSSESSION OF REALTY—LEGAL PRESUMPTION AS TO TITLE.
  It is a legal presumption that a firm's possession of realty is subordinate to, and consistent with, the record title in an individual member.

2. SAME—MORTGAGE BY INDIVIDUAL MEMBER—ENFORCEMENT.
  Where a firm has had full benefit of a mortgage on its property executed by a single member, and has never questioned his right to execute it, it cannot complain of its enforcement against the property covered thereby.

3. MORTGAGE ON REAL AND PERSONAL PROPERTY—FAILURE TO FILE—EFFECT.
  Though failure to file a mortgage covering both real and personal property may invalidate it as a chattel mortgage, it does not affect its validity as a lien on the real estate.

4. SAME—VALIDITY—FRAUDULENT CONCEALMENT.
  A mortgagee's failure to record a mortgage, and to mention it in answer to inquiries as to the mortgagor's financial standing, furnishes no ground for declaring it invalid.

Appeal from special term, Herkimer county.

Action by George A. Hardin, as trustee, against Alfred Dolge and others. From a judgment for plaintiff, defendants Walter N. Kernan, as assignee of defendant Dolge, and Albert M. Mills, as receiver of the firm of Alfred Dolge & Son, appeal. Affirmed.

This action was brought upon the 22d day of April, 1898, to foreclose a mortgage executed by the defendants Alfred Dolge and Auguste Anna Dolge, his wife, on the 16th day of July, 1893, to the plaintiff, George A. Hardin, as trustee, to secure three bonds, of $100,000 each, executed by Alfred Dolge, and bearing even date with the mortgage. One of these bonds ran to the National Herkimer County Bank, one to the American Exchange National Bank of the City of New York, and one to Gustav Freygang; but the last-mentioned bond was paid and satisfied prior to the commencement of this action. Each of these bonds contained the following provision, viz.: "This obligation is intended as a continuing security for all present indebtedness and liability of the obligor as well as all future indebtedness and liability of the obligor to the said obligee by reason of his individual notes, the firm notes of Alfred Dolge & Son, and upon all notes, obligations, and demands held against any corporation or firm or individual which shall be indorsed, and upon all business paper now held or hereafter taken by said obligee upon which the said obligor has become liable or shall hereafter become liable." The mortgage, which contained a similar provision, and covered a valuable manufacturing plant in the village of Dolgeville, Herkimer county, together with the "appurtenances, fixtures, machineries, belts, belting, engines, appliances, and appurtenances in and upon said premises," was not recorded until the 11th day of April, 1898. The premises embraced within the mortgage were occupied by the firm of Alfred Dolge & Son, and upon the day the mortgage was placed upon record the senior member of that firm, being insolvent, made a general assignment for the benefit of his creditors to the defendant Walter N. Kernan, and at the same time the defendant Albert M. Mills was duly appointed receiver of the property of the firm of Alfred Dolge & Son, in a suit brought by Rudolph Dolge against Alfred Dolge, the firm of Dolge & Son being also insolvent. The present suit is defended by the assignee and receiver upon the theory that the mortgage for the foreclosure of which it is brought "was executed and delivered under an understanding or agreement between the parties interested that it should not be recorded, and should be and was kept off record, so as not to impair the credit of said Alfred Dolge or of the said firm, and to permit or enable the said Dolge or the said firm to obtain a fictitious credit, and that by reason thereof such mortgage was and is void, and was not and is not a lien upon the said mortgaged property, as against the said individual creditors

61 N.Y.S.—48

of the said Alfred Dolge." The issues thus joined were brought to trial at the Herkimer special term, Mr. Justice Hiscock presiding, who decided in favor of the plaintiff, and found, among other things, "that there never was any understanding or agreement between the defendant Alfred Dolge and the plaintiff, · or between the said defendant Dolge and the National Herkimer County Bank or the American Exchange National Bank, that the mortgage described in the complaint in this action should not be recorded, or should be kept off the record, so as to permit or enable the defendants Alfred Dolge & Son to obtain a fictitious credit, or for any other purpose whatsoever, nor was the said mortgage kept off record for any such purpose, nor for or with any fraudulent intent or purpose whatsoever."

Argued before ADAMS, McLENNAN, SPRING, and SMITH, JJ.

William P. Quinn, for appellant Albert M. Mills, receiver.

William Kernan, for appellant Walter N. Kernan, assignee.

Myron G. Bronner and Michael Cardozo, for respondent George A. Hardin, trustee.

ADAMS, J. As incidental to the main contention of the defendants' counsel, it is urged that the property covered by the mortgage in suit is not the property of the mortgagor, but of the firm of Alfred Dolge & Son, and upon these assumed premises it is argued that such mortgage is a lien upon only the individual interest of the member of the firm who executed the same. Without entering into any extended discussion of this proposition, we think it is sufficiently answered by the fact, conceded upon the trial, that at the date of the mortgage the record title to the property embraced therein was in Alfred Dolge, and that it remained in him down to the time of the general assignment, in April, 1898. It is true that, under some arrangement between the firm and Alfred Dolge, the property was occupied by the firm, but whether that arrangement was in the nature of a lease or what it was does not appear; nor is there any evidence sufficient to charge the plaintiff or his cestuis que trustent with notice that Rudolph Dolge had or claimed any legal or equitable interest in the mortgaged premises. On the contrary, the legal presumption is that the possession of the firm was subordinate to, and not inconsistent with, the record title of Alfred Dolge. Pope v. Allen, 90 N. Y. 298; Mygatt v. Coe, 147 N. Y. 456, 42 N. E. 17. But, even were this not the case, it is undisputed that the firm had full benefit of the mortgage, and never in any manner questioned the right of Alfred Dolge to execute it. In these circumstances, it would therefore seem but just and equitable that the mortgage should be enforced against the property of the firm.

There is also some question made as to whether the mortgage in suit was a lien upon the personal property embraced therein; the contention being that, in so far as it related to that class of property, it was a chattel mortgage, and should have been filed as such, and that, inasmuch as it was not so filed, it was invalid as to creditors. We see no occasion, however, to consider this feature of the case, inasmuch as the learned trial court expressly held that all the machinery, etc., not attached to the freehold, belongs either to the defendant Mills, as receiver, or to the defendant Kernan, as assignee, and left the question as to their respective interests therein for future

determination. This undoubtedly was equivalent to holding that the omission to file the mortgage invalidated it as to the personal property embraced therein, but did not affect its validity as a lien upon real estate; and, so far as this latter postulate is concerned, we think the decision of the trial court may be sustained, upon both principle and authority (Hoyle v. Railroad Co., 54 N. Y. 314; Merril v. Insurance Co., 73 N. Y. 452; Bank v. Bolton, 20 App. Div. 70, 46 N. Y. Supp. 734); for a chattel mortgage which is neither filed nor accompanied by an immediate delivery of the property mortgaged is not absolutely void. On the contrary, it is valid, as between the parties and as to every one else, save judgment or attaching creditors. In short, as has been said, it is "not void as malum in se, but as malum prohibitum." Button v. Rathbone, Sard & Co., 126 N. Y. 187, 27 N. E. 266; Stephens v. Meriden Britannia Co., 160 N. Y. 178, 54 N. E. 781; Bullard v. Kenyon (Sup.) 21 N. Y. Supp. 32.

We come, then, to a consideration of the vital question at issue between the parties, which is whether the plaintiff, as trustee for the two banks which he represents, has forfeited the security of his mortgage by omitting to record the same; the contention being that he has, even though such omission was not the result of any agreement or understanding between the parties. To maintain this contention, it is obvious that the defendants must establish a state of facts which will permit them to invoke the doctrine of equitable estoppel, and it is a well-settled principle of equity jurisprudence that this doctrine should be applied with great caution, and only in cases where the reason for its application is clearly and satisfactorily established. Banking Co. v. Duncan, 86 N. Y. 221; Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287; Thompson v. Simpson, 128 N. Y. 270, 28 N. E. 627; Chard v. Holt, 136 N. Y. 30, 32 N. E. 740; Lyon v. Morgan, 143 N. Y. 505, 38 N. E. 823. In the case first above cited it was said by Andrews, J., that, "to authorize the finding of an estoppel in pais against the legal owner of land, there must be shown, we think, either an actual fraud, or negligence equivalent to fraud, on his part, in concealing his title; or that he was silent when the circumstances would impel an honest man to speak; or such actual intervention on his part * * * as to render it just that, as between him and the party acting upon his suggestion, he should bear the loss." And in cases like the present one, where the doctrine is invoked against the owner of an unrecorded mortgage, it should also be shown that the mortgagor was insolvent, and that the creditors who assail the mortgage gave credit to the debtor in reliance upon his unincumbered title to the mortgaged property. The case under review seems quite destitute of all, or nearly all, of these elements. So far as any allegation of actual fraud is concerned, there is not a scintilla of proof to sustain it. On the contrary, the uncontradicted evidence is that neither the plaintiff, nor any of the parties whom he represents, either directly or indirectly, entered into an agreement with the mortgagor to withhold the mortgage from record. Nor does it appear that at the time of the execution of the mortgage the mortgagor was insolvent, or that any credit was extended to him by creditors who relied upon the exemption of his property from incumbrances. Indeed, the evidence all

tends to show that at the time the mortgage was. executed Dolge-
believed himself to be in good circumstances, and conducting a profit-
able and successful business. From time to time he reported to the
plaintiff and to the bank officials that he was making money, and re-
ducing his indebtedness, including the Freygang bond, which was paid
in 1896, and it was not until about the time of his failure that these
creditors believed, or had any reason to believe, to the contrary.
The plaintiff testified upon this subject that the last interview he
had with Dolge was in August, at which time "he told me that he
thought the advancement was $150,000 a year. I always supposed
that the business was prosperous."

Obviously, then, the most potent circumstance upon which the de-
fendants rest their contention of fraud in fact is the omission of the-
plaintiff to record his mortgage. But the mere failure to record a
mortgage, of itself, furnishes no ground for declaring it invalid. It
is, at best, only a circumstance which may be considered, in connec-
tion with other proof, of a preconceived purpose to deceive and de-
fraud; but as an independent, isolated fact, disconnected from other-
suspicious circumstances, it is insufficient to establish a fraudulent
intent. Blennerhassett v. Sherman, 105 U. S. 100, 26 L. Ed. 1080;
Delaney v. Valentine, 154 N. Y. 692, 49 N. E. 65; Folsom v. Clemence,.
111 Mass. 273; Curry v. McCauley (C. C.) 20 Fed. 583; Bank v. Jaffray,.
41 Kan. 694, 21 Pac. 242; Day v. Goodbar, 69 Miss. 687, 12 South. 30.

What other circumstances are disclosed by the record which in any
degree tend to reinforce the defendants' contention? It is said that
the execution of this mortgage was not disclosed to the world at
large. It is true that neither the plaintiff nor his cestuis que trustent
proclaimed from the housetops that they held this mortgage, but
immediately upon its execution the plaintiff did take steps to perfect
the insurance upon the mortgaged property, by having the same made-
payable to him as trustee and mortgagee. This was accomplished
through the medium of some 60 policies, issued by as many different
companies, and was, of itself, a pretty liberal advertisement of the
situation. On the other hand, there is no evidence that any affirma-
tive attempt was made to keep the fact that the plaintiff held this
mortgage a secret, and, for aught that appears in the record, its exist-
ence was known to all the creditors of the mortgagor.

Again, it is said that the omission of Mr. Clark, the president of
the American Exchange National Bank, to mention the fact that the
plaintiff held this mortgage, in replying to two letters of inquiry as.
to the financial standing of Dolge, received by him shortly before
Dolge's failure, is some evidence of fraudulent concealment. Doubt-
less this was a circumstance to be considered by the trial court, but
its tendency in the direction claimed for it was not such as to entitle-
it to very great weight, especially in view of the fact that the writer
of these letters was under no obligation to proclaim the existence of
the mortgage, and gained nothing by reason of any credit being ex-
tended to the mortgagor. The truth of the matter is, that the evi-
dence which in any degree tends to impeach the good faith of this.
plaintiff is wholly insufficient for the purpose for which it was ten-
dered. Fraud may sometimes be inferred from circumstances which

legitimately lead to that inference, but it cannot be predicated of anything so unsubstantial as mere presumption. There is but little else in this case, and we are consequently persuaded that the findings and conclusions of the trial court are in accordance with the facts; but, if we thought otherwise, we should not feel at liberty to interfere with them upon this review, inasmuch as they are certainly not against the weight of evidence. Foster v. Bookwalter, 152 N. Y. 166, 46 N. E. 299; Sanger v. French, 157 N. Y. 213, 51 N. E. 979; Springs Co. v. Coursey (Sup.; not yet officially reported) 61 N. Y. Supp. 98.

Judgment affirmed, with costs. All concur.