tending to in any way pass upon the merits of her claim or the defenses which have been heretofore or may be hereafter urged against her right to relief, we think that the motion for a new trial upon the ground of newly discovered evidence should have been granted.

The order accordingly should be reversed, with $10 costs and disbursements of this appeal to the appellant, and the motion granted upon the payment of all the costs in the action, including the costs and disbursements of other appeals up to the date of the motion. All concur.

(41 Misc. Rep. 238.)

REESE et al. v. NORTHRUP.

(Supreme Court, Special Term, Erie County. July, 1903.)

1. TAXATION—SALE—DELINQUENT LANDS—REASSESSMENT.

Under Tax Law, § 21 (Birdseye's Rev. St. p. 3,534), requiring assessors to prepare an assessment roll, setting down the names of all taxable persons, and the quantity of real property taxable to each, and the value thereof, and section 89 (Birdseye's Rev. St. p. 3,557), providing for the reassessing of the unpaid tax of a resident taxpayer, and charging the land therewith, lands in Cattaraugus county belonging to a resident cannot be sold for unpaid taxes until after reassessment, and charged on the land; Laws 1879, p. 305, c. 229, § 5, relating to the collection of taxes in such county, and authorizing the county treasurer to sell for taxes charged on the land without reassessment, not applying, for the reason that it contains no specific provision for charging the taxes on the land.

Action by Andrew J. Reese and Julia A. Reese against Halsey F. Northrup. Demurrer to plaintiffs' complaint. Overruled.

W. V. Smith, for plaintiffs.
E. D. Northrup, for defendant.

KRUSE, J. This action is brought by the plaintiffs, the owners of certain lands situate in the city of Olean, in the county of Cattaraugus, to set aside a sale of their said lands made by the county treasurer of that county for taxes assessed therefor against them, upon the ground that the sale was unauthorized and void, and that the conveyance made by the county treasurer to the purchaser on such sale is a cloud upon the title of the plaintiffs.

The precise claim of the plaintiffs is that inasmuch as the tax debtors, the owners of the lands—the plaintiffs herein—were residents of the city of Olean, the tax district in which the lands are situate, the lands could not legally be sold for taxes without a reassessment of the tax, and charging the lands therewith, as is provided in section 89 of the tax law, which in this case was not done.

On behalf of the defendant it is contended that this section has no application to the sale of lands for unpaid taxes in Cattaraugus county; that, under the provisions of the statute relating to the collection of taxes in Cattaraugus and Chautauqua counties (Laws 1879, p. 304, c. 229), a sale of lands for unpaid taxes may be made by the county treasurer upon the first return of unpaid taxes by the collector to him without such reassessment.

I think the defendant's position is untenable, and that the demurrer must be overruled. The latter act, as its title indicates, relates to the

collection of taxes in those two counties, and, as was said by Judge
Andrews in Chard v. Holt, 136 N. Y. 37, 32 N. E. 741:

"The main purpose of the act of 1879 referred to was to eliminate the
agency of the Comptroller of the State in respect to the sale and conveyance
of lands for unpaid taxes, and to substitute county agencies and make their
authority complete and uniform in effecting and enforcing the collection of
taxes in the counties mentioned."

In section 32 of this special act it is expressly provided that, where
no provision on the subject is made in the act, all the general laws of
this state in relation to the assessment and collection of taxes shall,
so far as they are applicable, be in force in respect to the assessment
and collection of taxes in these two counties, and to the sale of land
for taxes therein, except wherein the authority is given or duty en-
joined by those laws on the Comptroller of the state, the same author-
ity shall be exercised and the same duties shall devolve on the treas-
urers of these two counties. Sections 21 and 29 of the tax law (Birds-
eye's Rev. St. pp. 3534, 3538), relating to the form of the assessment
roll, concededly apply to Cattaraugus county, and to the city of
Olean as well. Section 21 requires the assessors to prepare an assess-
ment roll, containing six separate columns. In the first column they
shall set down the names of all the taxable persons in the tax district;
in the second, the quantity of real property taxable to each person,
with a statement thereof in such form as the commissioners of taxes
shall prescribe; in the third, the full value of such real property; in
the fourth, the particulars relating to taxable personal property owned
by each person; in the fifth, the value of taxable rents; and in the
sixth, the value of the special franchise as fixed by the State Board of
Tax Commissioners. Section 29 provides that the real property of
nonresidents of the tax district shall be designated in a separate part
of the assessment roll, and requires the land to be described with
precision. The details of the description are quite minutely prescribed
by that section.

It will be seen that the assessment provided for by section 21 con-
templates an assessment against the taxable persons resident in the
tax district, while that contemplated by section 29 is an assessment
against property only. So that, while a resident taxable person is
assessed for his real property in the tax district, the description of it
is less definite and specific than where the property itself is to be
assessed, for which provision is made in section 29; and section 89
(Birdseye's Rev. St. p. 3557), which provides for reassessing of such
an unpaid tax of a resident taxpayer, and charging the land there-
with, specifically provides for adding a description of the real prop-
erty to the assessment roll of the then current year in the part there-
of relating to nonresident lands, and stating that it is a reassessment
of such tax, and further provides that it shall be regarded, for all
purposes of assessment and collection, as a nonresident tax for the
year in which such description is added.

While it is true that the special act under consideration (Laws
1879, p. 305, c. 229, § 5) authorizes the county treasurer to advertise
and sell lands for the payment of unpaid taxes, it is only such taxes as
are charged on lands; and, inasmuch as no specific provision is made
in the special act for charging the tax upon the lands, it would seem

that the provisions of the general tax law contained in section 89 are applicable, and that the sale of these lands made by the county treasurer without the reassessment was without authority and is of no effect. Nor do I think the case of Board of Supervisors v. Betts (Sup.) 6 N. Y. Supp. 934, at variance with the views which I have expressed. While the sale under a similar statute, without the reassessment, was upheld in that case, and the record discloses that the sale was attacked upon that ground, yet an examination of the record discloses further that there was an express finding by the trial court that all of the acts done under the provisions of that special law (Laws 1878, p. 71, c. 65) were legalized, ratified, and confirmed by a subsequent act of the Legislature (Laws 1882, p. 389, c. 322, § 15); and this seems to have been the ground upon which the judgment was affirmed at General Term, for, while these specific grounds upon which the plaintiffs attack this sale were also urged in that case, yet they were not referred to in the opinion at General Term, but the decision of affirmance seems to have proceeded upon the curative effect of the act referred to.

It follows, therefore, that the defendant's demurrer to the complaint must be overruled, with costs, but with leave to the defendant to answer, upon payment of the costs of the demurrer, within 20 days after the entry of the order overruling the demurrer, and notice of entry thereof.

Demurrer overruled, with costs, with leave to defendant to answer, upon payment of costs, within 20 days after entry of order overruling demurrer, and notice of entry thereof.