DAY & BAILEY *v.* GOODBAR & CO. ET AL.

69 687]
85 253]

FRAUDULENT CONVEYANCE. *Withholding deed from record. Right of creditors.*

The withholding of a trust-deed from record, though a circumstance to be considered, does not render it fraudulent *per se* as to third persons, who, without notice of it, extend credit to the grantor. By such failure to record, the grantee, if not a party to any fraudulent scheme, merely takes the risk of supervening rights to, or liens on, the property. *Klein* v. *Richardson,* 64 Miss., 41, cited; *Hilliard* v. *Cagle,* 46 Miss., 309, criticised.

FROM the chancery court of Tate county.
HON. B. T. KIMBROUGH, Chancellor.

Prior to June 20, 1889, Gilliland Bros. & Co., a firm composed of J. F., F. N. and W. R. Gilliland, had been engaged in a general mercantile business in Coldwater, Miss., and, as such, became indebted to Day, Horton & Bailey, commission merchants in Memphis, Tenn., in the sum of about $15,000, most of which was for money advanced to carry on their business. They were also indebted to some extent to others.

On the date mentioned, the firm of Gilliland Bros. & Co. desired further advances of supplies and money from Day, Horton & Bailey, and, security being demanded, J. F. Gilliland, senior member of the firm, executed to Day, Horton & Bailey a trust-deed on about three hundred acres of land be-

longing to him individually.  The trust-deed was given to secure the $15,000 already due, and a further sum, not exceeding $50,000, to be advanced.  It did not embrace any property belonging to the partnership.  It was understood at the time the trust-deed was executed, that Gilliland Bros. & Co. should not contract any other debts in their business, and that Day, Horton & Bailey would make them all needed advances.  The trust-deed was not placed upon record when executed, and there is evidence tending to show an agreement between the parties about it, that it should be withheld from record.  It is shown that Gilliland Bros. & Co. relied on some such understanding, but it is denied on the part of Day, Horton & Bailey that there was any agreement of the character mentioned.

In January, 1891, the debt to Day & Bailey, successors to Day, Horton & Bailey, amounted to more than $20,000, and, as Gilliland Bros. & Co. were unable to pay, being in a failing condition, Day & Bailey purchased their entire stock of goods and firm assets, and credited the agreed price upon their debt, leaving unpaid about $2,000, secured only by the trust-deed executed by J. F. Gilliland.  This trust-deed was filed for record the day after the purchase by Day & Bailey of the partnership assets.  Several other creditors of Gilliland Bros. & Co. thereupon sued out attachments, which were levied upon the lands included in the trust-deed aforesaid.  Subsequently, the attaching creditors filed the bill in this case, seeking to set aside the trust-deed as fraudulent, their main contention being that the withholding of the trust-deed from record rendered it fraudulent as to complainants, who extended credit to the firm believing it to be solvent, and believing that J. F. Gilliland's lands were unincumbered.  The answer puts in issue all the facts relied on to establish fraud.

The chancery court was of the opinion that the withholding of the trust-deed from record was a fraud upon complainants, and it decreed in their favor.  From this decree Day & Bailey appealed.

*N. A. Taylor*, for appellants.

The case of *Hilliard* v. *Cagle*, 46 Miss., 309, relied on by appellees, is entirely different from this case. There actual fraud was shown, and the result would have been the same whether the trust-deed was recorded or not. The true doctrine applicable here is stated in *Klein* v. *Richardson*, 64 Miss., 41. See also *Baldwin* v. *Little*, *Ib.*, 126; *Tuteur* v. *Chase*, 66 *Ib.*, 476.

It was necessary for complainants to show actual intent to defraud, or that the necessary effect of not recording was to defraud creditors.

*Shands & Johnson*, for appellees.

The principle announced in *Hilliard* v. *Cagle*, 46 Miss., 309, is clearly applicable, and is decisive of this case. It is shown that complainants extended credit to the firm, believing it and the partners to be solvent. The natural result of withholding the trust-deed from record was to mislead creditors, and induce them to extend credit on the faith of the unincumbered ownership by the partners of their property. The purpose of the parties was to save the standing of Gilliland Bros. & Co., and enable them to obtain credit elsewhere. Appellants cannot avail of the trust-deed, as against complainants, under such circumstances.

*Boothe & Eckles*, on the same side,

Filed a brief which, without citation of authorities, discussed the facts at length, contending that they established fraud on the part of appellants in withholding the trust-deed from record.

CAMPBELL, C. J., delivered the opinion of the court.

This appeal presents another instance of the misleading influence of *Hilliard* v. *Cagle*, 46 Miss., 309, a case valuable only as showing a state of facts which led the court to the conclusion that the scheme there condemned was fraudu-

lent as to subsequent creditors. In so far as it may be deduced from the opinion in that case, that the withholding from record of any instrument, which, by law, is good as to third persons not having notice, only from the time of its being filed for record, is any thing more than a circumstance to be considered on the question of fraud, we have corrected that error in *Klein* v. *Richardson*, 64 Miss., 41, where the announcement is made that one who fails to record an instrument simply takes the risk of a supervening right to, or lien on, the land or other thing. That necessarily results from our registry laws. The Maryland case, *Gill* v. *Griffith*, 2 Md. Ch., cited with approval in the opinion in *Hilliard* v. *Cagle*, was decided on Maryland statutes widely different from ours, and that decision is inapplicable here. The cases cited in the opinion mentioned on the subject of equitable estoppel have no place in a discussion of the registry laws or a question of fraud. A judgment, enrolled as the law requires, is a lien from its rendition. A conveyance of property, whether absolute or conditional, takes effect, as to persons without notice, from the time of its being filed for record. A conveyance, or mortgage, or deed of trust, executed by Gilliland, and filed for record on the day when the instrument he did execute (June 20, 1889) was filed for record, would have been unassailable, so far as time is decisive. A judgment, confessed that day, would have been a precedent lien to any claim by the complainants. How, then, can it be held that a failure to record the instrument constituted a fraud? It did not. I may never place my recordable instruments in the proper office for registration—may keep them secret, if I choose—and by this course wrong nobody in the eye of the law, which has not made it obligatory to place instruments on record, but contents itself with declaring that certain instruments shall be ineffectual as to certain persons unless filed for record, from which date they take effect, no matter when made. If, when the appellants found that the deed of trust had not been recorded, they had procured from Gilli-

land a new one or an absolute conveyance of the land, it would have been as unassailable as the sale by the Gillilands of their mercantile assets in payment of their indebtedness to a certain sum. We are unable to perceive a distinction between a contemporaneous instrument and one executed before, and brought into being, as to third persons, by being filed for record before such persons obtained a lien. I may trust my debtor in the assurance that he will protect me when danger threatens, and, if he does, by a judgment confessed, or a mortgage, or deed of trust, or sale, before anybody else acquires a specific claim, I am entitled to my advantage, and it is no legal ground of complaint by others that they did not know of my claim, or that there was an understanding or agreement that I was to be protected. The law does not require a proclamation of debts or credits. It only requires *good faith*, and it does not denounce, as bad faith, confidence reposed between debtor and creditor. As long as the law allows preferences by a debtor, some will be paid to the exclusion of others, and, whatever of injustice may sometimes result from this, fraud is not predicable of it. We discover no fraud, no legal wrong, in the transaction disclosed by this record. The decree should be for the appellants.

*Reversed, and bill dismissed at the costs of the appellees in both courts.*