BULLARD et al. v. KENYON et al.

(Supreme Court, General Term, Third Department. November 23, 1892.)

FRAUDULENT CONVEYANCES—CHANGE OF POSSESSION—CHATTEL MORTGAGES.

In an action to set aside a chattel mortgage on the ground that it was given in fraud of creditors, where the trial court found that it was a bona fide transaction, plaintiffs cannot recover on the ground that the mortgage was void for not being filed, where they were merely creditors at large, and the debt was not contracted during the time the mortgage was not on file, plaintiffs not being "creditors of the mortgagor," within the meaning of Laws 1833, c. 279, (Rev. St., 8th Ed., p. 2508,) providing that a chattel mortgage not "accompanied by an immediate delivery * * * shall be absolutely void as against the creditors of the mortgagor."

Appeal from special term, Warren county.

Action by Charles E. Bullard and Charles O. Howe, as judgment creditors, against Mary C. Harris, impleaded with James H. Kenyon and Ellen M. Kenyon, his wife, to set aside a chattel mortgage executed and delivered by the defendants Kenyon to defendant Harris on the ground that it was given in fraud of creditors. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

E. G. Bullard (E. F. Bullard, of counsel,) for appellants.

Henning & McCall, (W. H. McCall, of counsel,) for respondents.

HERRICK, J. I think the judgment in this case should be affirmed. The trial court found that the mortgage in question was not given in fraud of creditors; that it was for a valuable consideration, and was a bona fide transaction. The appellants cannot avail themselves of the neglect to file the mortgage, because during the time it was not on file they were not creditors, within the meaning of the statute. Laws 1833, c. 279.[1] The debt was not contracted during that time, and they were merely creditors at large. "The term 'creditors of the mortgagor' has been defined by these decisions to be a creditor armed with some legal process which authorizes him to seize the property, such as an execution issued upon a judgment, or an attachment. A mere creditor at large, without some process for the collection or enforcement of his debt, is not

---

[1] Laws 1833, c. 279, which are the same as Rev. St. (8th Ed.) p. 2508, provide that "every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be filed as directed in the succeeding section of this act."

in a position to question an unfiled mortgage, given by his debtor, which is otherwise valid." . Button v. Rathbone, Sard & Co., 126 N. Y. 187–191, 27 N. E. Rep. 266, and cases cited.

Let the judgment be affirmed, with costs. All concur.