(20 App. Div. 70.)

COMMERCIAL BANK et al. v. BOLTON et al.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

1. FRAUDULENT CONVEYANCE—TRANSFER TO WIFE.
Where a debtor in failing circumstances transferred all his property to his wife and a third party to whom he was indebted, which transaction, as between him and his wife, appeared to have been made with intent to defraud his judgment creditors, such transfer to his wife will not be permitted to stand.

2. SAME.
Where such transfer to such third party was supported by an adequate consideration, and the facts and circumstances warranted the conclusion that such purchase on his part was without fraudulent intent, it will be sustained.

Appeal from special term, Monroe county.

Action by the Commercial Bank and another against Catherine Bolton and F. A. Sherwood. From certain portions of the judgment entered on the decision of the special term, plaintiffs and defendant Catherine Bolton, respectively, appeal. Affirmed.

The trial court found as conclusions of law that the complaint should be dismissed as against the defendant Frederick A. Sherwood, with costs; second, that the bill of sale executed and delivered by Thomas Bolton to the defendants Sherwood and Catherine Bolton, and the agreement executed and delivered by the same parties, both instruments bearing date on the 2d day of August, 1893, "are, and each of the said instruments is, fraudulent and void so far as the same purport to sell and convey to the defendant Catherine Bolton the undivided one-half of the property therein mentioned and described, as against the plaintiffs in this action; and that the said undivided half of said property so transferred to the defendant Catherine Bolton was and is applicable to the payment of the plaintiffs' said judgments."

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

Hubbell & McGuire and John Van Voorhis, for plaintiffs.
H. W. Morris, for Catherine Bolton.
William F. Cogswell, for Frederick A. Sherwood.

HARDIN, P. J.    Prior to August 2, 1893, Thomas Bolton had been carrying on a boot and shoe business and a manufacturing establishment of such articles, located at 93 Andrews street, in the city of Rochester.    About that period of time he became embarrassed in his business affairs, and insolvent; and on that day he executed the bill of sale and agreement mentioned in the complaint, and referred to in the findings of fact made by the trial court, whereby he sold the plant and the fixtures and assets in connection with the business to the defendants Catherine Bolton and Frederick A. Sherwood, who immediately took possession under the same, and carried on the business until the 15th day of August, 1893, when a sale was made to the defendant Behn, and the defendant Sherwood ceased to have any connection from that time with the business.    Subsequently the plaintiffs recovered several judgments against Thomas Bolton upon demands which they held against him prior to the 2d of August, 1893, and caused executions to be issued thereon, and the same were returned unsatisfied; and thereupon this action was commenced, and complaint filed in the nature of a creditors' bill to strike down the bill of sale, and the agreement made on the 2d of August, 1893.    Mrs. Bolton and Sherwood served answers, in which they alleged the bona fides of the purchase by them, and that they acquired, under the bill of sale and the agreement, the properties mentioned therein for a valuable consideration.    The issues were brought to trial at a special term, and findings were made and a recovery had in favor of the plaintiffs against Catherine Bolton, Frederick A. Sherwood, and Thomas Bolton.    An appeal was taken to the late Fifth department, and that appeal was heard and decided, resulting in an affirmance of the judgment as against Thomas Bolton, and a reversal of the judgment, so far as it was rendered, as against Catherine Bolton and Frederick A. Sherwood.    An interesting and instructive opinion was delivered by Bradley, J., which is found reported in 87 Hun, 547, and 35 N. Y. Supp. 138.    That opinion refers somewhat in detail to the facts as they were presented by the appeal book then before the court; and the opinion indicates that the reversal was placed upon the ground that certain documentary evidence was improperly received as against Mrs. Bolton and Sherwood, and, as that evidence was competent against Thomas Bolton, the judgment as to him was affirmed, although reversed as to the other two defendants.    That court held, however, viz.:

"A debtor has a right to transfer his property to any of his creditors, and they may accept it in payment of their debts, to the exclusion of other creditors, provided the transfer is made in good faith, and has a reasonable, adequate consideration. Where a debtor makes a transfer of his property with intent to hinder, delay, and defraud his creditors, and the transferee accepts the transfer to consummate such a purpose, the adequacy of the consideration is immaterial, and will not protect the transaction."

In the view we take of the case on the present appeal, there is no occasion to differ from the rules of law laid down in that opinion.    A second trial was had, resulting in the judgment from which the present appeals are taken.    Upon that trial a very large volume of evidence was given relating to the main issues of fact raised by the pleadings.    We have studiously and cautiously looked into the evidence relating to the findings of fact stated in the decision of the trial court,

and have, after much deliberation thereon, reached the conclusion that the findings are supported by evidence, and should be sustained. We are aware that there is a great conflict in the evidence, and that there was opportunity furnished by it for the court to draw deductions and inferences therefrom in respect to the intents and motives of Thomas Bolton on the occasion of the sale, and that there was a contrariety of evidence in respect to the intent and purpose of Sherwood at the time he purchased an undivided half of the property. Many facts and circumstances are disclosed in the evidence which warrant the conclusion reached by the trial judge. However, upon many of the issues springing out of the transaction, inferences and deductions were possible which would have been more favorable to the position ingeniously and strenuously put forward by the plaintiffs.

Before accepting the conclusions of fact stated by the learned trial judge, we have carefully considered the opinion delivered by him in connection with the findings of fact announced, and we have not discovered that he has stated any erroneous rule of law therein. We have become satisfied that the evidence warrants the conclusion that the purchase, so far as it relates to Mrs. Bolton, was fraudulent, and ought not to be permitted to stand. · In determining the latter question, we have brought to mind the circumstance that the judgment, as formerly entered, declared the transaction fraudulent and void so far as it related to Mrs. Bolton's intents in the premises, and that the evidence given upon this trial, so far as it related to Thomas Bolton's intent in making the sale, was sufficient to warrant a finding that his purpose was fraudulent as against the plaintiffs, his judgment creditors; at least, to the extent of the sale, so far as it was made to his wife, Mrs. Bolton. On the other hand, we are satisfied that the facts and circumstances and large volume of evidence produced at the trial warranted the conclusion that the purchase, so far as Sherwood was concerned, was without any fraudulent intent on his part.

It was stated in the opinion of Bradley, J., viz.:

"While Sherwood was not pressing Bolton, he evidently had become somewhat anxious about his own matter, and his leading object in becoming the purchaser was to get payment of Bolton's liabilities to him." 87 Hun, 552, 35 N. Y. Supp. 140.

It was further stated in that opinion:

"Whether or not the sale was made with intent to defraud the other creditors, and whether the act of purchase was infected with a like imputation, were questions of fact, within the province of the trial justice to determine; and his conclusion in that respect was permitted and supported by the evidence and the inferences legitimately derivable from it. This may have been founded somewhat upon the fact as found that the debts which Bolton owed the purchasers were much less in amount than the value of the property." 87 Hun, 552, 35 N. Y. Supp. 141.

Upon the second trial, clear and competent evidence was given in respect to the intents of Thomas Bolton, Catherine Bolton, and Sherwood; and we are of the opinion that the intents and purposes, as stated in the findings of fact now before us, are in harmony with the weight of the evidence. Inasmuch as the evidence warranted the finding that the purchase made by Sherwood was for the purpose of obtaining payment of his debts and claims against Bolton,

without any intent upon his part to perpetrate a fraud upon the other creditors of Bolton, and that the consideration which he was to pay was adequate, it must be said that his purchase was for a valuable consideration. Murphy v. Briggs, 89 N. Y. 446, which is quoted with approval in 87 Hun, 557, 35 N. Y. Supp. 138. In Stanley v. Bank, 41 Hun, 640, affirmed 115 N. Y. 135, 22 N. E. 29, it was said, in respect to a debtor's disposition of his property, that he had the right to dispose of it in payment of his debts as he saw fit, "provided he did so in good faith. He could lawfully have transferred to Babbitt directly any of the property included in the mortgage in satisfaction of his debt, or make any other arrangement which should render its appropriation upon the debt certain and secure."

It has been insisted by the learned counsel for the plaintiffs that the fact that the husband of Catherine was employed as her agent in conducting the business subsequent to the sale to Sherwood is a circumstance adverse, and bears largely upon the question of intent. We think the circumstance was competent, and was entitled to be considered by the trial court in connection with the other evidence.

In Stanley v. Bank, supra, it was said:

"That such circumstance is competent evidence to show the intent of the parties upon a question of fraud has been adjudged in many cases; but it has also been frequently decided that it afforded no conclusive evidence of a fraudulent intent. Abbey v. Deyo, 44 N. Y. 344; Buckley v. Wells, 33 N. Y. 518."

The learned counsel for Menzo Van Voorhis has called our attention to several badges of fraud, among them the following: First, that there was a transfer by Bolton of all his property; and, second, that Mrs. Bolton withheld a deed from record, and the hasty character of the inventory taken, and the circumstance that Mrs. Bolton was one of the purchasers, and the claim that the debt to the wife was fictitious in a large part. We must assume that the trial judge gave proper attention to those features of the case, as we have attempted to do in deliberating upon the conclusion which he reached in respect to the fraudulent intent of Bolton, and the assertion that his wife was cognizant of his fraudulent intent; and we have applied the rule laid down in Manchester v. Tibbetts, 121 N. Y. 222, 24 N. E. 304, which is to the effect that transactions between husband and wife in respect to properties, under circumstances somewhat similar to those developed in this case, are to be rigidly scrutinized. It may be observed, however, that several of the circumstances mentioned and considerations suggested do not relate to the position occupied by Sherwood at the time of the purchase made by him. Further comment upon the facts and circumstances relating to the purchase of a portion of the property by Mrs. Bolton does not seem to be requisite. The conclusion reached by the trial judge in respect to her, upon the facts stated in his findings and in his opinion, and the conclusions stated in his opinion, must be regarded as a sufficient warrant for the conclusion we have reached upon the evidence in respect to the judgment

46 N.Y.S.—47

so far as it relates to Mrs. Bolton; and we are of the opinion that
as to her the decision made by the trial judge should be sustained.

We come now to the question made in respect to the dismissal
of the complaint as against Sherwood. As we have already stated,
the object and purpose of his purchase were to secure payment of
an indebtedness which he held against Thomas Bolton, and it was
competent for him to accept payment or secure payment by the pur-
chase of property at a fair valuation, or, in the language as stated in
the opinion of Bradley, J., which we think is correct, viz.:

"A debtor has the lawful right to transfer property to any and less than all
his creditors in payment of his debts owing to them, and they to accept it in
payment to the exclusion of other of his creditors, provided it is done in good
faith for such purpose, and has a reasonably adequate consideration in the
amount of the debts for the payment of which the transfer of the property is
made. Wilder v. Winne, 6 Cow. 284; Bank v. Fitch, 48 Barb. 344; Loeschigk
v. Hatfield, 5 Rob. (N. Y.) 26, 51 N. Y. 660; Hale v. Stewart, 7 Hun, 591; Mur-
phy v. Briggs, 89 N. Y. 446." 87 Hun, 557, 35 N. Y. Supp. 139.

The evidence warranted the finding stated in the following lan-
guage by the trial judge, that "said purchase was made by said
Sherwood with no other purpose or intent on his part than to ob-
tain payment of said Bolton's indebtedness to himself, in prefer-
ence to other creditors"; and the further fact that Bolton did not
in any manner reserve to himself any right or interest in the prop-
erty so acquired by Sherwood; and the further finding "that the
said Thomas Bolton made the said transfer to said Sherwood for
the purpose of paying his indebtedness to him, and without any
intent or expectation of ever receiving to his own use any part of
the undivided half of said property sold and transferred by him to
Sherwood, and without reserving to himself any benefit therefrom
except that which would incidentally follow if he could have the
business continued, and the half which he transferred to his wife
employed therein." Those findings are not inconsistent with any
principle laid down in Hardt v. Schwab, 72 Hun, 109, 25 N. Y.
Supp. 402, as in that case it clearly appeared that the transfer was
"for the benefit of the failing debtor."

After the defendant Sherwood had shown that he became a pur-
chaser for a valuable consideration, it was incumbent upon the
party making the attack upon the purchase by him to show "that
he had previous knowledge of the fraudulent intent of the vendor,
and that he participated in the fraud." Starin v. Kelly, 88 N. Y.
418; 2 Rev. St. p. 137, §§ 1–5. By the terms of the agreement of
August 2, 1893, the status of the defendant Sherwood became fixed,
and there is no force in the suggestion that because he had not
actually surrendered all of the notes which formed a part of the
consideration of his purchase, some of them having been discounted,
he was not a purchaser for a valuable consideration. The cases of
Macauley v. Smith, 132 N. Y. 525, 30 N. E. 997, and Sargent v. Ap-
paratus Co., 46 Hun, 19, are inapplicable to the case in hand. Nor
does Ross v. Caywood, 16 App. Div. 591, 44 N. Y. Supp. 985, aid the
contention of the appellants. In that case it was said that the
responsibility of a vendee for the fraud of his vendor might be
established by actual knowledge or notice, or inferred from circum-

stances. In the case in hand all the facts and circumstances, and all the evidence tending to indicate any knowledge or notice of a fraudulent intent on the part of the vendor, as against the agreement, so far as it related to Sherwood, were considered by the trial judge; and, notwithstanding such evidence, the conclusion was reached that the defendant Sherwood had no fraudulent intent on his part in becoming the purchaser of the property, but that his leading motive and principal object were to acquire payment of his debt which he held against Bolton. The legal effect of the agreement which was made by Sherwood was that the purchase price named therein, so far as he was concerned, was paid at the time of the execution of the agreement. By the language used therein, Sherwood agreed to surrender the evidences of the indebtedness held by him, and agreed to indemnify Bolton against the same, and within a reasonable time he carried out the agreement. The evidence very clearly indicates that Sherwood was negotiating for the purchase of an undivided half of the property, and that his leading, principal, and constant effort was to secure the payment of the indebtedness which he held against Bolton, and that, in consummating that purpose, he was compelled to acquiesce in the purchase made by Mrs. Bolton for the other half of the property. By that purchase, he became a tenant in common of one-half of the property. His title thereto was just as clear and distinct as though separate instruments had been provided, one assigning one-half of the property to him, and the other assigning one-half of the property to Mrs. Bolton; and it is to be kept constantly in mind that the consideration moving from the one to Bolton, and the consideration moving from the other to Bolton, were distinct and separate. The case is therefore unlike those where there is a taint to the whole consideration. It differs from Read v. Williams, 125 N. Y. 560, 26 N. E. 730, where the false and fraudulent consideration was fabricated by the joint act of both grantor and grantee. The case in hand is unlike Russell v. Winne, 37 N. Y. 591, as in that case it was said, "The mortgage was one single instrument, given to secure one debt;" and it was therefore appropriately held that the unlawful intent pervaded the whole instrument.

The bill of sale and the agreement made on the 2d of August, 1893, must be construed in the light of the facts and circumstances attending their execution and, when they are considered, the situation is the same as though Sherwood had given his check for the value of one-half of the property innocently and honestly, with an intent to acquire the title thereto, knowing nothing of any fraudulent intent on the part of the assignor in respect to the sale of the other half of the property. We think his purchase may legitimately be upheld.

In Smith v. Post, 3 Thomp. & C. 650, it was said:

"Although two parties are secured separately in one instrument, it must be considered as a transfer separate and distinct, which enables each one to hold the property independent of the other, in proportion to the debts secured. The same rules apply to conveyances of real estate (Bump, Fraud. Conv. 472); also to assignments of property (Prince v. Shepard, 9 Pick. 176)."

In the case cited from 9 Pick. 176, Prince had transferred to Hodges and John C. Prince property to secure their respective indebtedness, and, although it turned out that there was no indebtedness to Hodges, the transfer, so far as he was concerned, was held to be fraudulent; and, in delivering the opinion of the court, Chief Justice Parker observed:

"It is insisted that, as the debt to the plaintiff was attempted to be secured in the same instrument as the feigned debt to Hodges, the assignment is void in the whole, so that the plaintiff can claim nothing under it. This must depend upon the nature of the transaction, and of the instrument by which the assignment was made, and the connection of the parties to whom the property is conveyed."

Applying the test laid down by the learned judge, we are of the opinion that the case in hand falls within the principle approved. Here we have a creditor confessedly holding a just claim against his debtor, knowing that his debtor is in somewhat embarrassed circumstances, and that his means of paying the debt rest largely in the plant and property which he owns, and the creditor, with a view of obtaining satisfaction of his debt, acts according to the usual business impulses in such cases, and treats with his debtor, and finally reaches a conclusion that he will take one-half of the plant and property offered in liquidation of the indebtedness and liabilities which he held against his debtor. Such negotiations result in a conclusion on the part of the debtor that he will assign the half of the property to the creditor simultaneously with his assignment of the other half of the property to another creditor, to wit, his wife; and, while that negotiation is transpiring, the debtor vigorously asserts that he is indebted to his wife, and that she is justly and honestly a creditor to the value of the other half of his property which is proposed to be transferred to her. It is not difficult to suppose that Sherwood was credulous, and believed the assertions that were made to him in respect to the indebtedness to the wife. However, his uppermost and earnest intent evidently was the acquisition of property the value of which should liquidate the indebtedness and liability of Thomas Bolton to him. We think his purchase should be sustained. We have looked at the exceptions taken during the progress of the trial, and find no occasion to interfere with the decision made by reason of any rulings made in the progress of the trial. The trial judge has, in an opinion, very clearly stated his views of the law of the case.

The foregoing views lead to the conclusion that the results reached at the trial should be sustained. That part of the judgment which dismisses the plaintiffs' complaint upon the merits as to Frederick A. Sherwood is affirmed, with costs against the plaintiffs; and the judgment, so far as it is appealed from by Catherine Bolton, is affirmed, with costs to the plaintiffs against her, as appellant. All concur.