JAMES HENDERSON, Respondent, and LILLIE F. TOTTEN, Plaintiff, *v.* LOUIS F. BRENNECKE and Others, Appellants.

*Execution — levy upon property of which the judgment debtor is a tenant in common — remedy of the co-tenant where the sheriff sells the entire property.*

Where a bill of sale to two vendees is valid as to one and invalid as to the other of them, a levy may be made by a sheriff, under an execution against the vendor, upon, and he may take possession of, the common property; in such a case the vendee whose title is valid, being a cotenant with his vendor, cannot maintain an action of replevin against the sheriff for the property levied upon, although it seems that he may, if the sheriff assumes to sell the entire property, maintain an action of conversion against him.

APPEAL by the defendants, Louis F. Brennecke and others, from a judgment of the Supreme Court in favor of the plaintiff James Henderson, entered in the office of the clerk of the county of Rich-

mond on the 30th day of October, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of October, 1897, denying the defendants' motion for a new trial made upon the minutes.

*James B. Lockwood*, for the appellants.

*James L. Barger*, for the respondent.

CULLEN, J.:

The defendant Brennecke recovered a judgment against William H. Totten and Mary L. Totten, composing the firm of William H. Totten & Co. On that judgment an execution was issued, and the sheriff of Richmond county levied on the chattels, the subject of this action. The plaintiffs claimed title to the property under a bill of sale given to them by Totten & Co. On the refusal of the sheriff to surrender the property, the plaintiffs instituted this action, which is in replevin to recover its possession. Subsequently, the appellants were substituted as defendants in place of the sheriff. On the trial evidence was given tending to show that, as to the plaintiff Henderson, the sale was made in satisfaction of a *bona fide* debt due to him from Totten & Co. The consideration of the sale to Lillie F. Totten was the individual note of William H. Totten to her. It appeared that the firm of Totten & Co. was insolvent at the time of the sale to the plaintiffs. The trial court held that the appropriation of the partnership assets to the payment of the individual debt of the partner William H. Totten was fraudulent and void as against partnership creditors, and dismissed the complaint as to the plaintiff Lillie F. Totten. The case was submitted to the jury on the claim of the plaintiff Henderson and a verdict rendered in his favor. From the judgment entered upon that verdict this appeal is taken.

The trial court sustained the bill of sale, so far as the title of the plaintiff Henderson, on the authority of *Commercial Bank* v. *Bolton* (20 App. Div. 78), and held that that plaintiff was a tenant in common of an undivided half of the property. Assuming that this ruling was correct, we are of opinion that it was insufficient to enable Henderson to maintain the action. As the transfer to the plaintiff Lillie F. Totten was void as against the judgment creditors

of the firm, the execution justified the sheriff in levying upon the property and retaining possession thereof. It is settled by authority that where the execution is against one member of a firm or one of several tenants in common for his individual debt, the sheriff may levy upon and take possession of the common property. (*Phillips* v. *Cook*, 24 Wend. 389; *Waddell* v. *Cook*, 2 Hill, 47; *Walsh* v. *Adams*, 3 Den. 125; *Fiero* v. *Betts*, 2 Barb. 633.) The sheriff being entitled to seize the property, an action of this nature could not be maintained, for one tenant in common cannot sue his cotenant in replevin. (*Hudson* v. *Swan*, 83 N. Y. 552.) It is urged that subsequently the sheriff assumed to sell the entire property, not merely the interest of the judgment debtors therein. This would constitute a conversion as against the tenant in common upon whom there was no claim, and the latter might, in an appropriate action, recover the value of his interest. We cannot see how the fact has any bearing on this action, which is not to obtain the value of the chattels, as upon a conversion, but to obtain their actual possession, to which the plaintiff Henderson was not entitled as against the sheriff, and for which no action can be maintained by one cotenant as against another. The plaintiff, upon or before a new trial, may doubtless obtain leave to amend his complaint and avoid the technical objection to the present form of action.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event.