GEORGE A. HARDIN, as Trustee, Respondent, *v.* ALFRED DOLGE and Others, Defendants.

WALTER N. KERNAN, as Assignee, for the Benefit of Creditors of ALFRED DOLGE, and ALBERT M. MILLS, as Receiver, etc., of the Firm of ALFRED DOLGE & SON, Appellants.

*Mortgage — presumption where the legal title to land occupied by a firm is in one partner — effect of a firm accepting the benefit of a mortgage of firm property executed by one partner — a failure to record a mortgage until the mortgagor makes an assignment — a failure to file invalidates it as to personal but not as to real property.*

Where a firm occupies land, the record title to which is in one of the partners, the presumption is that the firm's occupation is subordinate to such partner's title; and a mortgage given by such partner upon real and personal property occupied by the firm, of which mortgage the firm accepts the benefit without questioning the right of the partner and record owner to execute it, may be enforced against the property of the firm embraced therein.

The failure to record a mortgage until the day on which the mortgagor made a general assignment and a receiver was appointed of the firm of which he was a member, does not estop the mortgagee from enforcing it, in the absence of proof that the mortgagor was insolvent at the time the mortgage was executed, or that the mortgage was withheld from record in pursuance of an agreement between the parties or with intent to defraud creditors, or that an attempt was made to keep its execution secret, or that credit was extended to the mortgagor upon the faith of his apparently unincumbered title.

An omission to file a mortgage covering both real and personal property, although rendering it invalid as to the personal property, does not impair its validity as to the real property.

APPEAL by the defendants, Walter N. Kernan, as assignee for the benefit of creditors of Alfred Dolge, and Albert M. Mills, as receiver, etc., of Alfred Dolge & Son, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Herkimer on the 20th day of June, 1898, upon the decision of the court rendered after a trial at the Oneida Special Term, except that portion thereof adjudging that all machinery not permanently attached to the freehold belongs to the defendant Albert M. Mills, as receiver, or Walter N. Kernan, as assignee, and is not covered by the judgment.

This action was brought upon the 22d day of April, 1898, to foreclose a mortgage executed by the defendants Alfred Dolge and

Augusta Ann Dolge, his wife, on the 16th day of July, 1893, to the plaintiff George A. Hardin, as trustee, to secure three bonds of $100,000 each, executed by Alfred Dolge, and bearing even date with the mortgage.

One of these bonds ran to the National Herkimer County Bank; one to the American Exchange National Bank of the city of New York, and one to Gustav Freygang; but the last-mentioned bond was paid and satisfied prior to the commencement of this action. Each of these bonds contained the following provision, viz.: " This obligation is intended as a continuing security for all present indebtedness and liability of the obligor as well as all future indebtedness and liability of the obligor to the said obligee by reason of his individual notes, the firm notes of Alfred Dolge & Son, and upon all notes, obligations and demands held against any corporation, or firm or individual which shall be endorsed, and upon all business paper now held or hereafter taken by said obligee upon which the said obligor has become liable or shall hereafter become liable."

The mortgage, which contained a similar provision and covered a valuable manufacturing plant in the village of Dolgeville, Herkimer county, together with the "appurtenances, fixtures, machineries, belts, belting, engines, appliances and apparatuses in and upon said premises," was not recorded until the 11th day of April, 1898.

The premises embraced within the mortgage were occupied by the firm of Alfred Dolge & Son, and upon the day the mortgage was placed upon record the senior member of that firm, being insolvent, made a general assignment for the benefit of his creditors to the defendant Walter N. Kernan, and at the same time the defendant Albert M. Mills was duly appointed receiver of the property of the firm of Alfred Dolge & Son, in a suit brought by Rudolph Dolge against Alfred Dolge, the firm of Dolge & Son being also insolvent.

The present suit is defended by the assignee and receiver upon the theory that the mortgage, for the foreclosure of which it is brought, " was executed and delivered under the understanding or agreement between the parties interested therein that it should not be recorded, and should be and was kept off record so as not to impair the credit of the said Alfred Dolge or of the said firm, and to permit or enable the said Dolge and the said firm to obtain a fic-

titious credit, and that by reason thereof such mortgage was and is void, and was not, and is not, a lien upon said mortgaged property as against the individual creditors of the said Alfred Dolge."

The issues thus joined were brought to trial at the Herkimer Special Term, Mr. Justice HISCOCK presiding, who decided in favor of the plaintiff, and found, among other things, " that there never was any understanding or agreement between the defendant Alfred Dolge and the plaintiff, or between the said defendant Dolge and the National Herkimer County Bank, or The American Exchange National Bank, that the mortgage described in the complaint in this action should not be recorded or should be kept off from the record so as to permit or enable the defendant Alfred Dolge & Son to obtain a fictitious credit, or for any other purpose whatsoever; nor was the said mortgage kept off record for any such purpose, nor for or with any fraudulent intent or purpose whatsoever."

*William P. Quin,* for the appellant receiver.

*William Kernan,* for the appellant assignee.

*Myron G. Bronner* and *Michael Cardozo,* for the respondent trustee.

ADAMS, J. :

As incidental to the main contention of the defendants' counsel it is urged that the property covered by the mortgage in suit is not the property of the mortgagor, but of the firm of Alfred Dolge & Son, and upon these assumed premises it is argued that such mortgage is a lien upon only the individual interest of the member of the firm who executed the same.

Without entering into any extended discussion of this proposition, we think it is sufficiently answered by the fact, conceded upon the trial, that at the date of the mortgage the record title to the property embraced therein was in Alfred Dolge, and that it remained in him down to the time of the general assignment in April, 1898.

It is true that, under some arrangement between the firm and Alfred Dolge, the property was occupied by the firm, but whether that arrangement was in the nature of a lease, or what it was, does not appear; nor is there any evidence sufficient to charge the plaintiff or his *cestuis que trust* with notice that Rudolph Dolge had or

claimed any legal or equitable interest in the mortgaged premises. On the contrary, the legal presumption is that the possession of the firm was subordinate to and not inconsistent with the record title of Alfred Dolge. (*Pope* v. *Allen*, 90 N. Y. 298; *Mygatt* v. *Coe*, 147 id. 456.)

But even were this not the case, it is undisputed that the firm had the full benefit of the mortgage and never in any manner questioned the right of Alfred Dolge to execute it. In these circumstances it would, therefore, seem but just and equitable that the mortgage should be enforced against the property of the firm.

There is, also, some question made as to whether the mortgage in suit was a lien upon the personal property embraced therein, the contention being that in so far as it related to that class of property it was a chattel mortgage and should have been filed as such, and that inasmuch as it was not so filed, it was invalid as to creditors.

We see no occasion, however, to consider this feature of the case, inasmuch as the learned trial court expressly held that all the machinery, etc., not attached to the freehold belongs either to the defendant Mills, as receiver, or to the defendant Kernan, as assignee, and left the question as to their respective interests therein for future determination. This, undoubtedly, was equivalent to holding that the omission to file the mortgage invalidated it as to the personal property embraced therein, but did not affect its validity as a lien upon real estate ; and so far as this latter postulate is concerned we think the decision of the trial court may be sustained upon both principle and authority (*Hoyle* v. *Plattsburgh, etc., R. R. Co.*, 54 N. Y. 314; *Merrill* v. *Ag. Ins. Co.*, 73 id. 452; *Com. Bank* v. *Bolton*, 20 App. Div. 70 ); for a chattel mortgage which is neither filed nor accompanied by an immediate delivery of the property mortgaged is not absolutely void. On the contrary, it is valid as between the parties and as to every one else, save judgment or attaching creditors. In short, as has been said, it is " not void as *malum in se*, but as *malum prohibitum*." (*Button* v. *Rathbone*, 126 N. Y. 187 ; *Stephens* v. *M. B. Co.*, 160 id. 178 ; *Bullard* v. *Kenyon*, 21 N. Y. Supp. 32.)

We come then to a consideration of the vital question at issue between the parties, which is whether the plaintiff, as trustee for the two banks which he represents, has forfeited the security of his

mortgage by omitting to record the same, the contention being that he has, even though such omission was not the result of any agreement or understanding between the parties. To maintain this contention it is obvious that the defendants must establish a state of facts which will permit them to invoke the doctrine of equitable estoppel, and it is a well-settled principle of equity jurisprudence that this doctrine should be applied with great caution and only in cases where the reason for its application is clearly and satisfactorily established. (*Trenton Banking Co.* v. *Duncan*, 86 N. Y. 221; *Moffat* v. *Herman*, 116 id. 131; *Thompson* v. *Simpson*, 128 id. 270; *Chard* v. *Holt*, 136 id. 30; *Lyon* v. *Morgan*, 143 id. 505.)

In the case first above cited it was said by ANDREWS, J., that "to authorize the finding of an estoppel *in pais* against the legal owner of land, there must be shown, we think, either actual fraud or fault or negligence equivalent to fraud on his part, in concealing his title; or that he was silent when the circumstances would impel an honest man to speak, or such actual intervention on his part, * * * as to render it just that as between him and the party acting upon his suggestion, he should bear the loss."

And in cases like the present one, where the doctrine is invoked against the owner of an unrecorded mortgage, it should also be shown that the mortgagor was insolvent, and that the creditors who assail the mortgage gave credit to the debtor in reliance upon his unincumbered title to the mortgaged property.

The case under review seems quite destitute of all or nearly all of these elements. So far as any allegation of actual fraud is concerned, there is not a scintilla of proof to sustain it. On the contrary, the uncontradicted evidence is that neither the plaintiff nor any of the parties whom he represents, either directly or indirectly, entered into an agreement with the mortgagor to withhold the mortgage from record. Nor does it appear that at the time of the execution of the mortgage the mortgagor was insolvent, or that any credit was extended to him by creditors who relied upon the exemption of his property from incumbrances. Indeed, the evidence all tends to show that at the time the mortgage was executed Dolge believed himself to be in good circumstances and conducting a profitable and successful business. From time to time he reported to the plaintiff and to the bank officials that he was making money and reducing

his indebtedness, including the Freygang bond which was paid in 1896, and it was not until about the time of his failure that these creditors believed or had any reason to believe to the contrary. The plaintiff testified upon this subject that the last interview he had with Dolge was in August, at which time " he told me that he thought the advancement was $150,000 a year. I always supposed that the business was prosperous."

Obviously then the most potent circumstance upon which the defendants rest their contention of fraud in fact is the omission of the plaintiff to record his mortgage. But the mere failure to record a mortgage, of itself, furnishes no ground for declaring it invalid. It is at best only a circumstance which may be considered in connection with other proof of a preconceived purpose to deceive and defraud, but as an independent, isolated fact, disconnected from other suspicious circumstances, it is insufficient to establish a fraudulent intent. (*Blennerhassett* v. *Sherman*, 105 U. S. 100; *Delaney* v. *Valentine*, 154 N. Y. 692; *Folsom* v. *Clemence*, 111 Mass. 273; *Curry* v. *McCauley*, 20 Fed. Rep. 583; *First Nat. Bank* v. *Jaffray*, 41 Kans. 694; *Day* v. *Goodbar*, 69 Miss. 687.)

What other circumstances are disclosed by the record which in any degree tend to reinforce the defendants' contention? It is said that the execution of this mortgage was not disclosed to the world at large. It is true that neither the plaintiff nor his *cestuis que trust* proclaimed from the housetops that they held this mortgage, but immediately upon its execution the plaintiff did take steps to perfect the insurance upon the mortgaged property by having the same made payable to him as trustee and mortgagee. This was accomplished through the medium of some sixty policies issued by as many different companies, and was of itself a pretty liberal advertisement of the situation. On the other hand, there is no evidence that any affirmative attempt was made to keep the fact that the plaintiff held this mortgage a secret, and for aught that appears in the record, its existence was known to all the creditors of the mortgagor.

Again, it is said that the omission of Mr. Clark, the president of the American Exchange National Bank, to mention the fact that the plaintiff held this mortgage, in replying to two letters of inquiry as to the financial standing of Dolge received by him shortly before Dolge's failure, is some evidence of fraudulent concealment. Doubt-

less this was a circumstance to be considered by the trial court, but its tendency in the direction claimed for it was not such as to entitle it to very great weight, especially in view of the fact that the writer of these letters was under no obligation to proclaim the existence of the mortgage and gained nothing by reason of any credit being extended to the mortgagor. The truth of the matter is, that the evidence which in any degree tends to impeach the good faith of this plaintiff is wholly insufficient for the purpose for which it was tendered. Fraud may sometimes be inferred from circumstances which legimately lead to that inference; but it cannot be predicated of anything so unsubstantial as mere presumption. There is but little else in this case, and we are consequently persuaded that the findings and conclusions of the trial court are in accordance with the facts; but if we thought otherwise we should not feel at liberty to interfere with them upon this review, inasmuch as they are certainly not against the weight of evidence. (*Foster* v. *Bookwalter*, 152 N. Y. 166; *Sanger* v. *French*, 157 id. 213; *Geneva Mineral Spr. Co.* v. *Coursey*, 45 App. Div. 268.)

All concurred, except HARDIN, P. J., not sitting.

Judgment affirmed, with costs.