(85 Misc. Rep. 510)

### QUINN v. REED.

(Supreme Court, Special Term, Erie County. May, 1914.)

1. PARTNERSHIP (§ 330*)—ACCOUNTING—REFERENCE—OWNERSHIP OF LEASE.

Where, in an action merely between partners for dissolution of the partnership and an accounting, it appeared that plaintiff, under an oral agreement, had put a certain amount of cash in defendant's saloon business in consideration of a one-half interest therein and knowing that it was not paying, that nothing was said relative to the duration of the venture or whether defendant's lease of the premises occupied by the business should belong to the firm, and that after two years' unsuccessful effort to build up·the business it, together with the fixtures, kitchen utensils, and lease, was sold with plaintiff's consent, and there was no evidence tending to show that the lease was treated as partnership property until the sale of the business, but defendant testified that he repeatedly asserted his individual ownership of the lease without dissent by plaintiff, plaintiff was entitled to an interlocutory decree for an accounting empowering the referee to determine what part of the price for which all the property was sold, represented the lease and copartnership assets, respectively.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 787; Dec. Dig. § 330.*]

2. PARTNERSHIP (§ 67*)—COPARTNERSHIP ASSETS.

Where a partnership pays the rent of the premises occupied by the partnership business, the lease of which was secured by one partner before the formation of the partnership, this creates a partnership use, but does not make the lease a copartnership asset.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 190; Dec. Dig. § 67.*]

3. PARTNERSHIP (§ 67*)—OWNERSHIP OF LEASE—ASSIGNMENT—NECESSITY.

Where it is understood between partners that a lease of the premises occupied by the partnership business, procured by one partner before formation of the partnership, shall become copartnership property, or where the partners recognize and regard it as such, no formal assignment is essential to ownership of the lease by the firm.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 190; Dec. Dig. § 67.*]

Action by James J. Quinn against James Reed for dissolution of a copartnership and for an accounting. Ordered according to opinion.

Warren H. Arthur, of Buffalo, for plaintiff.

Alonzo G. Hinkley, of Buffalo, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. This is an action for the dissolution of a copartnership and for an accounting.

[1] The defendant procured a lease in writing of the basement of No. 212 Pearl street, Buffalo, N. Y., for five years from a specified day in December, 1909, and obtained a liquor tax certificate, and in his individual right and name lawfully conducted a saloon and restaurant business there until on or about the 10th day of December, 1910, when he and the plaintiff entered into an agreement, resting in parol, by which plaintiff was to and did put $500 in cash into the business, in consideration for which he was to have a one-half interest in the business. The plaintiff at that time knew that the business had not been carried on successfully by the defendant and that it was not paying. Both parties believed that with an additional cash contribution to the capital the business could be made to pay. The fixtures installed and in use in and in connection with the saloon at that time were worth about $700, and defendant still owed some $500 on the purchase price of part of them. Nothing was said with respect to the duration of the venture. Manifestly this constituted a copartnership at will, to share in profits and losses equally, and for equal ownership of the copartnership property, or by which each would be entitled to deduct his contribution to the capital before any division of profits (see Jackson v. Crapp, 32 Ind. 422; Livingston v. Blanchard, 130 Mass. 341), and since the evidence, in the view I take of it, shows that there will be no profits to divide, it is not necessary to decide whether each has a half interest in the copartnership property or only in the surplus after each withdraws his share of the capital.

There must be a copartnership accounting, and it becomes necessary to decide whether the lease is to be accounted for as a copartnership asset. Neither during the negotiations leading up to the agreement, nor in the agreement itself, was there any reference to the lease or discussion as to whether or not the copartnership should succeed thereto. The liquor tax certificate was changed to the names of both parties, but the lease was not assigned to the firm, which distinguishes the case from Morton v. Ostrom, 33 Barb. 256, upon which counsel for plaintiff relies. The firm, however, paid the rent and continued the business in the same place, as was contemplated by both parties. The efforts of the parties for two years to build up a paying business were of no avail, and the future seemed hopeless. Arrears of rent aggregating $800 had accumulated and the firm was without funds to pay it. About this time one Klipfel offered the defendants $3,000 for the business, fixtures, kitchen utensils, and lease, and plaintiff, according to his own testimony, on being asked if he would consent, or if it was satisfactory to him to sell, answered in the affirmative, and the sale was consummated.

[2] Undoubtedly the firm, upon paying the rent reserved to the defendant's landlord, became entitled to use the premises demised to defendant, so long as it continued business, and the lease continued, the same as if the defendant owned the premises, but that would only create a copartnership use and would not make the lease a copartnership asset. See Penny v. Black, 9 Bosw. 310; Hillock v. Grape, 111

App. Div. 720, 97 N. Y. Supp. 823; Lindley, Part. 383; Van Voorhis v. Webster, 85 Hun, 591, 33 N. Y. Supp. 121; Dexter v. Dexter, 43 App. Div. 268, 60 N. Y. Supp. 371; Bartlett v. Goodrich, 153 N. Y. 421, 47 N. E. 794; Burr v. De La Vergne, 102 N. Y. 419, 7 N. E. 366; Hardin v. Dolge, 46 App. Div. 416, 61 N. Y. Supp. 753; 30 Cyc. 427, 432; Taber-Prang Art Co. v. Durant, 189 Mass. 173, 75 N. E. 221.

[3] Doubtless if it was understood or intended that the lease should become copartnership property, or the parties recognized and regarded it as such, then a formal assignment was not essential to ownership by the firm. 30 Cyc. 326; Matter of Swift (D. C.) 118 Fed. 348. See, also, Morton v. Ostrom, supra; Hills v. Parker, 7 Jur. 833.

In the case at bar the plaintiff invested his money, not with a view to acquiring an interest in the lease, but in the confident belief that the business could be made successful. No testimony even has been given tending to show that the lease was treated as partnership property until the sale of the business to Klipfel, and, if plaintiff's version of what happened then were accepted, it would not, in my opinion, entitle him to share in the value of the lease. On the other hand, defendant claims that he repeatedly asserted his individual ownership of the lease and plaintiff did not dissent therefrom, and that testimony, in view of the fact that it is conceded that nothing was said about the lease at the time the copartnership agreement was made, seems quite probable.

Prior to the negotiations for the sale to Klipfel, the rights of the parties with respect to the lease had become fixed. Of course, it was competent to change them by mutual consent for a good consideration; but there is no evidence of any intent so to do. The evidence clearly shows that the plaintiff at that time had abandoned all hope of extricating himself from the firm, excepting with outstanding liabilities, and he was ready to embrace the opportunity offered by Klipfel's proposal, which would insure the payment of the firm debts and liabilities. For defendant to consult plaintiff about the sale was not an admission that they were both interested in all the property on which the offer had been made. They were both interested in part, and, moreover, it would be most natural for one partner not to presume thus to terminate the partnership, which was at will, without consulting his partner.

The question here to be decided arises merely between partners, and no opinion is intended to be expressed as to whether the ruling would be the same if the rights of third parties dealing with the firm were involved.

The plaintiff is therefore entitled to an interlocutory decree for an accounting and empowering the referee to determine what part of the purchase price paid by Klipfel for all the property represented the lease and copartnership assets respectively.

A formal decision in accordance with these views may be submitted, without argument, on two days' notice, and at the same time either party may, if so advised, present requests to find.

Ordered accordingly.